FRANK B. COLEMAN, Trustee of Estate of GEORGE D. ALLEN PAPER COMPANY, Appellant, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

Division One, March 4, 1918.

1. **INSURANCE POLICY: Change in Beneficiary.** If the insured expressly reserves no right to change the beneficiary in a life insurance policy, the beneficiary named is vested with an interest of which he cannot be deprived without his consent.

2. ———: ———: **Act of Corporation: By Verbal Consent of Directors.**
A document attested by the corporate seal and ostensibly signed
by the president and attested by the secretary, which purports to
be the act of the corporation and to authorize a change in the bene-
ficiary of an insurance policy issued upon the life of the president,
naming the company as beneficiary, is not conclusive, but only
raises a presumption that the officers acted within their authority,
and puts upon the objector the burden of showing the contrary.
But the consent of the directors separately obtained and not given
in a board meeting is not equivalent to formal action of the board;
and where there is no evidence that the board, as such, took any
action regarding the policy, but testimony that it did not, the pre-
sumption arising from such document will not warrant an instruc-
tion to find that the change in the beneficiary was made with
the consent of the corporation.

3. ———: ———: **Rights of Creditors.** Where the insured has died,
and the life policy has thereby matured and the fund is due the
beneficiary, and the only question is whether the attempt of the
corporation, named as beneficiary, to change the beneficiary to the
insured's wife, was valid, questions of the right of an insured to
transfer a policy made payable to his estate or assigns are not
involved, and cases holding that creditors are not defrauded when
an insolvent debtor transfers a policy on his life, payable to him-
self or his estate, if the policy has, at the time of the transfer, no
cash value, are likewise inapplicable. [Distinguishing Judson v.
Walker, 155 Mo. 166, and Burlingham v. Crouse, 228 U. S. 459.]

4. ———: ———: **Exclusive Control of Corporation: Jury Question:
Inference.** Evidence tending to prove that the president of a cor-
poration controlled and managed its affairs, if oral, is not con-
clusive, but its credibility is still a matter for the jury; and, be-
sides, even if the jury might find that he controlled and managed
the general business of the corporation without let or hindrance,
a finding of that fact might not warrant the inference of authority
to change the beneficiary in an insurance policy on his own life
which named the company as beneficiary, to his wife, and even if
the facts warrant the inference it is for the jury to make it, and
not the court by sustaining a demurrer.

5. ———: ———: **Estoppel: Pleading.** The answer of an insurance
company which admits the issuance of the original policy upon the
life of the president of a corporation, in which the corporation
was named as beneficiary, and which expressly provided that the
president reserved no right to change the beneficiary, and which
avers that the corporation "duly released all interest" in the policy
and, together with the president, "duly requested defendant to
substitute" the president's wife as beneficiary in the place and
stead of said corporation, and that defendant, pursuant to said
request, in August issued a policy insuring the president's life in
favor of his wife, that he died on December 4th, and that on De-

cember 24th defendant paid to his said wife the amount of the policy, pleads the legal defense that the corporation legally authorized the change of the beneficiary, and does not plead estoppel, or laches relied upon as estoppel; and in this case, neither estoppel nor laches is available unless pleaded.

6. ———: ———: ———: **Demurrer.** If neither estoppel nor laches is available unless pleaded, and neither is pleaded, and the plea is not waived, and the facts tending to prove estoppel and laches are not all admitted, but depend in essential particulars upon the testimony of witnesses whose credibility is for the jury, the giving of a peremptory instruction to find for defendant is error.

7. ———: ———: **Ratification: Demurrer.** Evidence of ratification is not enough to authorize a demurrer. In the absence of a showing conclusively establishing the facts making out ratification, that question of fact, like any other, is for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Grant & Grant* and *Leahy, Saunders & Barth* for appellant.

(1) The beneficiary in a life insurance policy has a vested interest when the insured does not reserve the right to change the beneficiary, and this is particularly true when the policy provides: "It is agreed that the insured has no interest in this policy, the beneficiary being the sole owner thereof." Both these facts were true in the instant case, and the policy was payable to the George D. Allen Paper Company, and all premiums were paid by it. Therefore, it could not be assigned without the consent of the company, or, even with its consent, in fraud of its creditors, and the attempted substitution of a new policy just prior to the insured's death, making his wife the beneficiary was null and void and in fraud of the creditors of the company. (a) Where the beneficiary has a vested interest in a life insurance policy, it cannot be assigned or changed without his consent. Casualty Co. v. Kacer, 169 Mo. 313; Bank v. Hume, 128 U. S. l. c. 209; 3 Am. & Eng. Ency. Law (2 Ed.), 923. (b) An insur-

ance policy cannot be assigned in fraud of the insured's creditors or, in fraud of the creditors of the beneficiary, where such beneficiary has a vested right. Pullis v. Robison, 73 Mo. 210; Bank v. Ins. Co., 24 Fed. 769; Bank v. Life Ins. Co., 24 Fed. 770; Burton v. Farinholt, 86 N. C. 260; Catchings v. Manlove, 39 Miss. 655; Friedman v. Fennell, 94 Ala. 570; McKown's Estate, 198 Pa. St. 96; Bank v. McLean, 84 Mich. 628; Bank v. Moore, 83 App. Div. (N. Y.) 419; Stokoe v. Cowan, 21 Beav. 640; Schondler v. Wace, 1 Campbell 487. (c) Business insurance taken out on the life of an officer of the corporation for the benefit of the corporation is an asset of the corporation. "It is not a mere contract of indemnity, but a contract to pay to the beneficiary a certain sum of money in the event of death." Insurance Co. v. Board, Armstrong & Co., L. R. A. 1915 F, p. 979; Keckley v. Glass Co., 86 Ohio St. 2113. (d) Gifts by a husband of his own property, while insolvent, to a wife are by operation of law void as to creditors and constructively fraudulent. Storage Co. v. Kuhlmann, 238 Mo. 698; Jordan v. Buschmeyer, 97 Mo. 94; Cole v. Cole, 231 Mo. In the instant case, the husband did not give his own property, but gave the most valuable asset of the corporation to his wife without consideration, and in fraud of the company's creditors. (e) Even assuming, which we deny, that both the Insurance Company and the creditors are equally innocent in this matter, still the Insurance Company, knowing the terms of its own policy, and knowing that it was a corporate asset of large value, could, by investigation, have protected both itself and the creditors of the company, and it was under no obligation to substitute another policy in favor of the wife of the president of the company, and thereby deprive the company of a valuable asset. Having done so, it must bear the consequences, and the equities of the creditors in this situation are far stronger than the claim of the company for protection from its own mistake. Rice v. Graffman, 56 Mo. 436; Bank v. Bank, 71 Mo. 185; State v. Bank, 115 N. W. 937; Bank

v. O'Connel, 23 Mo. App. 165; Wade v. Bank, 73 App. 501; Cupples v. Whelan, 61 Mo. 587. (f) Even if the Insurance Company could not have ascertained by a mere examination of the company's books that the company was insolvent at the time of the attemped transfer of the policy, still such transfer under the statute was null and void as to creditors, because in fraud of their rights. No matter how innocent a person may be, still he cannot be a party to a transfer, without consideration, of the assets of an insolvent person in fraud of the rights of creditors. If ignorance or innocence were a defense, it is safe to say that the statute prohibiting fraudulent conveyances, would be meaningless. Sec. 2881, R. S. 1909; Hurley v. Taylor, 78 Mo. 239; Childers v. Pickenpaugh, 219 Mo. 448; Bank v. Nichols, 202 Mo. 323. (2) The board of directors never authorized Allen to execute the release to Rhoda Allen and the surrender of the policy to the defendant company. While the president of a business corporation is its chief executive officer, yet his powers are those connected with acts of an ordinary nature which, by usage or necessity, are incident to his office. He may bind the corporation only by contracts in matters arising in the usual course of business. Sparks v. Transfer Co., 104 Mo. 531. Even if it had been shown that the three directors had severally assented to Allen signing the surrender, it would not have been a valid act of the board of directors. Brinkerhoff v. Boyd, 192 Mo. 613; Hill v. Mining Co., 119 Mo. 9. (3) Where an agent of a corporation exercises his authority in favor of himself, or as in this case, in favor of his wife, his act is presumptively void and the burden is on the recipient to overcome the presumption. The primary question in such case is not whether the officer had power to do an act of that character, but did the agent have authority to execute in the name of the corporation the instrument in question. The burden is on the other person to show authority. Bank v. Edwards, 243 Mo. 553; Baird v. Grannis, 208 Mo. 434; Safety Vault Co. v. Boynton, 19 C. C. A. 118, Rankin v. Inv. Co.,

238 Mo. 406; Botts v. Wallace, 146 U. S. 689; Bank v. Inv. Co., 163 Mo. App. 369. (4) Transfers by a husband in favor of a wife, even of his own property, if he is insolvent, are by operation of law void as to creditors and constructively fraudulent. Ice Co. v. Kuhlmann, 238 Mo. 698; Jordan v. Buschmeyer, 97 Mo. 94; Cole v. Cole, 231 Mo. 1; Johrndt v. Reuter H. & S. Co., 112 Mo. App. 341; Pressed Brick Co. v. Schnoenich, 65 Mo. App. 283.

*Nagel & Kirby* for respondent.

(1) The surrender of the original policy by the Paper Company was its corporate act, because: (a) It was duly executed by the president of the company with the corporate seal affixed, attested by the secretary. A corporation which delivers a contract purporting on its face to be lawfully executed, in reliance upon which the parties change their situation without notice of defects in preliminary proceedings, is estopped as against them from denying its validity. Zabriskie v. Railroad, 23 How. 381; Terminal R. & W. Co. v. Trust Co., 82 Fed. 124; Platt v. Hitchcock County, 139 Fed. 929; Aurora v. Gates, 208 Fed. 101. (b) The Paper Company was a "one-man" corporation, and Allen, having been held out to the world as being the corporation, his act in executing the surrender was the act of the corporation. Cutter Co. v. Meyer, 64 Mo. App. 527; Mfg. Co. v. Clarke, 96 Wis. 469; Tyler Estate v. Hoffman, 146 Mo. App. 510; Moore v. Gaus Company, 113 Mo. 98; Rosenbaum v. Gilliam, 101 Mo. App. 126; Sparks v. Transfer Co., 104 Mo. 531; Jones v. Williams, 139 Mo. 1; Madden v. Paroneri Co., 75 Mo. App. 358; Commercial Hotel v. Brill, 123 Wis. 638. (c) The surrender of the policy was consented to by all the stockholders, and was ratified by the board of directors of the Paper Company by its failure to disaffirm the same at meetings held after Rhoda Allen had become a member of the board, and when every member of the board had actual knowledge of the transaction. Bank v. Shoemaker, 68 Mo.

273 Mo.—40

App. 592; Kelsey v. Bank, 69 Pa. St. 426; Thompson on Corporations, sec. 2015; 3 Morawetz, sec. 228; Gordon v. Preston, 1 Watts, 385; Chouteau v. Allen, 70 Mo. 325; Bank v. Fricke, 75 Mo. 178. (2) Whether solvent or insolvent, the Paper Company had the power to consent to the surrender, and the title to the policy passed, such surrender being voidable only to the extent that creditors may have had a right to impeach it. (3) The original policy, having no surrender value and being worthless, was not an asset of the corporation of which creditors were defrauded, even if it be assumed that the Paper Company was insolvent at the time of the surrender. Barbour v. Ins. Co., 23 Atl. (Con.) 151; Steeley v. Steeley, 64 S. W. (Ky.) 642; Ins. Co. v. Ins. Co., 203 Pa. St. 82; Mittelburg v. Harrison, 11 Mo. App. 136, 90 Mo. 444; Judson v. Walker, 155 Mo. 166; Sternberg v. Levy, 159 Mo. 617; 20 Cyc. 350, 416. (4) Under the Bankruptcy Act a trustee has no right whatsoever to a policy which has no cash surrender value, and where the policy has a cash surrender value at the time of the filing of the petition in bankruptcy, the trustee can claim no more than such cash surrender value, although the entire proceeds became available before adjudication. Burlingham v. Crouse, 228 U. S. 459; In re Buelow, 98 Fed. 86; Morris v. Dodd, 50 L. R. A. 33.

BLAIR, J.—Coleman is trustee in bankruptcy of the estate of the George D. Allen Paper Company.

This is an appeal from an order overruling a motion to set aside a nonsuit taken when the trial court instructed for defendant in an action on a policy of insurance on the life of George D. Allen, president of the George D. Allen Paper Company, which company was the beneficiary in the policy as first issued. The question is whether the evidence required a submission of the case to the jury.

I. The policy expressly provided that Allen reserved no right to change the beneficiary. Under the general rule that fact vested in the beneficiary an interest of which it could not be deprived without its consent.

There is no direct evidence that the board of direc-, tors of the Paper Company had formally authorized any change in the policy or that they had so conferred an agency upon the corporate officers to do so.

**Change of Beneficiary.** There is in evidence a document attested by the corporate seal and ostensibly signed by Allen, as president, and Cavanagh, as secretary, of the Paper Company, which purports to be the act of the corporation and to authorize the change made. This writing is not conclusive. An instrument shown to be signed by the officers of a corporation and having the corporate seal affixed ordinarily raises a presumption that the officers acted within their authority and puts upon the objector the burden of showing the contrary. [St. Louis Public Schools v. Risley, 28 Mo. l. c. 419; Musser v. Johnson, 42 Mo. l. c. 79; City of Kansas v. Railroad, 77 Mo. 185; Koehler v. Iron Co., 67 U. S. l. c. 717; Pac. St. Bk. v. Coats, 205 Fed. 621; Chandler v. Hart, 161 Cal. l. c. 421, 423; 2 Thompson on Corporations, sec. 1928.] There were three stockholders. They were also the three directors, Allen, Cavanagh and Dana. Dana testified he agreed to the change some time in August after Allen told him it was to be made. The consent of the directors separately obtained and not given in a board meeting is not equivalent to formal action of the board. [Brinkerhoff Zinc Co. v. Boyd, 192 Mo. l. c. 613; Hill v. Rich Hill Coal Mining Co., 119 Mo. 9; 7 R. C. L. p. 439, Sec. 427; Sec. 3347, R. S. 1909.] There was no testimony that the board, as such, ever took any action regarding the policy, but testimony it had never done so. In these circumstances it cannot be held the presumption from the instrument warranted the instruction to find for respondent.

II. Counsel state in their briefs that the trial court gave the peremptory instruction on the authority of Judson v. Walker, 155 Mo. 166. The principal

**Walker and Other Cases Distinguished** question discussed concerns the applicability of the principle of that decision to the facts in this case.

In that case the facts were that Walker took out two policies on his life in 1888 and a third in 1891. All were payable to himself, his estate or assigns. The third policy Walker surrendered in January, 1894, and took in lieu a policy payable to his wife, if living; otherwise, to him or his estate. Four days later, the company consenting, he assigned the other policies to his wife and her children. All policies were kept alive, and in August, 1895, Walker died insolvent. His wife and five children survived him. Judson's claim antedated the transfers of the policies and his judgment against Walker was recovered in January, 1895. He sued the wife and children to subject the policy proceeds to the payment of his judgment. He alleged the transfer was fraudulent as to him. The court held he could recover the cash surrender value of the policy at the date of transfer, plus the premiums thereafter paid, less the $500 premium exemption to which the statute entitled Walker; and that creditors can reach only the excess over $500 per annum paid by a debtor on policies and cannot reach the part of the proceeds of the policies produced by such excess. It was expressly held Walker had the absolute right to dispose of the original policies as he saw fit, subject to the qualification stated; that he could make any change he chose which did not defraud his creditors of rights under the rule laid down.

In that case, prior to the changes made in 1894 there was no third person named as beneficiary. Walker retained control as stated. In the instant case the policy insured the life of Allen, but named the Paper Company as the beneficiary and expressly stated Allen did not reserve the right to change the beneficiary. The company took a vested interest in the policy which neither Allen nor the Insurance Company could destroy. This is so well settled that it need not be discussed. In that case creditors of the *insured* sued. In this case the trustee of the *beneficiary* sues. The policy in this case matured on Allen's death, in December, 1910. The fund became due to the owner of the policy. The question is, who was the beneficiary when Allen died?

The question is not whether the company could have transferred the policy, but, under the pleadings, whether it had consented to a change of beneficiary. The Walker case is inapplicable.

Further, cases holding that ·creditors are not defrauded when an insolvent debtor transfers a policy on his life, payable to himself or his estate, if the policy has, at the time of transfer, no cash value, are likewise inapplicable. There is no question here between Allen and his creditors, nor between the Paper Company and its creditors. Nor is the decision in Burlingham v. Crouse, 228 U. S. 459, in point. In that case, Section 70a of the Bankruptcy Act was construed and applied. The value of the policy when the petition in bankruptcy was filed was important. The policy was then still in force and the insured yet alive. In this case when the bankruptcy proceedings were begun Allen had died, and the policy had thereby matured and the fund was due the beneficiary. The question to which the case again returns is whether Mrs. Allen or the Paper Company was the beneficiary in the policy on December 4, 1910. There is no question of exemption in this case; no question of the value of an unmatured policy upon the life of an insolvent debtor, nor of the right of a creditor of such an one to take over a policy on his life and continue it by paying subsequent premiums thereon. The trustee's rights being those of the Paper Company, the question in this case is simply whether that company had in any way deprived itself of the right to recover on the policy.

III. Respondent contends the evidence shows Allen at all times controlled and managed the affairs of the corporation and that this enabled him to bind it in changing the beneficiary in the policy. First, the Control of Corporation: Jury Question. evidence tending to prove Allen's exercise of personal control was oral. It was not conclusive. Its credibility was for the trier of the facts. Second, though the trier of the facts might find Allen controlled and managed the general business

of the company without let or hindrance, yet the facts found might not warrant the inference of authority to change the beneficiary in an insurance policy. [Sparks v. Dispatch Trans. Co., 104 Mo. l. c. 540.] Even if the facts found warranted such an inference, it was for the trier of the facts to imply therefrom the authority to act in the particular case. [Sparks v. Dispatch Trans. Co., 104 Mo. l. c. 539, 540; Sec. 2993, R. S. 1909.] The evidence of Allen's control did not, therefore, justify the court in sustaining the demurrer.

IV. Did the corporation ratify the change or did it estop itself to set up want of authority in Allen and Cavanagh?

Allen, Cavanagh and Dana were the only stockholders and only directors of the company in August, 1910, when the change was made. The evidence tends to show that the two former, president and secretary, respectively, of the company, executed in its apparent behalf and sealed with the corporate seal a document whose sufficiency, on its face, to justify respondent in making the change of beneficiary is not questioned. While no action of the board of directors, as a board, supports this document, yet the evidence tends to show each of the three directors, they being all the stockholders, had knowledge of the proposed action and all consented to it; Allen and Cavanagh by signing the instrument officially, and Dana orally, according to his testimony. Upon the faith of this document, according to the evidence, respondent changed the beneficiary, substituting Allen's wife for the company. These men remained the only directors and stockholders until the middle of September or the first of October, 1910. At that time Dana was succeeded by Mrs. Allen. For the quarterly premium due in September, 1910, Allen gave his personal note, and the Insurance Company's agent advanced the cash to his company. December 3, 1910, this note, without respondent's knowledge, was paid through a bank with the Paper Company's money. December 4, 1910, Allen

*Estoppel.*

died. Cavanagh, in connection with the proofs of loss, made affidavit that none other than Mrs. Allen had any interest in the policy. December 23, 1910, the company paid Mrs. Allen the face of the policy and a *post mortem* dividend, aggregating $50,241.50. At no time, according to the evidence for respondent, did any stockholder, director or other person suggest to the Insurance Company that there was any want of authority for the execution of the instrument in question. There was evidence *pro* and *con* on the question whether the company was insolvent in August, 1910, but there is no evidence respondent had any knowledge of such insolvency, if it existed. Such is the tendency of the evidence upon the question of ratification and estoppel.

(a) In this case if the Paper Company is estopped, then is the trustee estopped? [Pott & Co. v. Schmucker, 84 Md. l. c. 556.]

The answer admits the issuance of the original policy and the change of name of the Paper Company. It avers that the Paper Company "duly released all its interest in the" policy and, together with Allen, "duly requested defendant to substitute one Rhoda Allen, wife of said George D. Allen, as beneficiary in the place and stead of said Paper Company;" that Allen and the Paper Company "duly surrendered" the policy, and that defendant, pursuant to said request, on August 29, 1910, issued a policy, under the same number and for the same amount, insuring Allen's life in favor of Rhoda Allen instead of in favor of the Paper Company; that Allen died December 4, 1910, and that defendant on December 24, 1910, paid Rhoda Allen the amount of the policy, $50,241.50.

This is a plea that the Paper Company legally authorized the change of beneficiary. Neither estoppel nor laches, relied upon as estoppel, is pleaded. In this case neither could be relied upon without being pleaded. [Turner v. Edmonston, 210 Mo. l. c. 428; Blodgett v. Perry, 97 Mo. l. c. 272, 273; State ex rel. v. Ry. Co., 140 Mo. l. c. 555; Cockrill v. Hutchinson, 135 Mo. l. c. 75.] Nor was there a waiver of the plea. [McDonnell v.

DeSoto Sav. & Bldg. Assn., 175 Mo. l. c. 275.] For this reason and because the facts tending to prove estoppel and laches are not all admitted but depend in esential particulars upon the testimony of witnesses whose credibility was for the jury, the giving of the peremptory instruction cannot be sustained on this phase of the case.

(b) While ratification is equivalent to antecedent authority and may be shown under a general allegation that the act is that of the principal (McLachlin v. Barker, 64 Mo. App. l. c. 526), yet there is not a sufficient basis of conclusively established facts to require, as a matter of law, that the court find a ratification. [Calumet Paper Co. v. Haskell Show Ptg. Co., 144 Mo. l. c. 338; Tyrell v. Railroad, 7 Mo. App. l. c. 299; Campbell v. Pope, 96 Mo. l. c. 473; First National Bank v. Fricke, 75 Mo. l. c. 184.] That there is evidence of ratification is not enough. In the absence of a showing conclusively establishing the facts making out ratification, that question of fact, like any other, is for the jury.

V. It is quite clear from the preceding paragraphs that there is no ground upon which we can direct a judgment for *appellant*. The judgment is reversed and the cause remanded for further proceedings not out of harmony with this opinion. All concur, except *Bond, P. J.,* absent.