THE STATE EX REL. KROGER GROCERY & BAKING COMPANY v. GEORGE F. HAID ET AL., Judges of St. Louis Court of Appeals.—18 S. W. (2d) 478.

Division Two, June 4, 1929.

*Jones, Hocker, Sullivan & Angert* and *Ralph T. Finley* for relator.

*Charles E. Morrow* and *Eugene J. McMahon* for respondents.

12

DAVIS, C.—Certiorari to the St. Louis Court of Appeals to review its record and opinion, which is reported as Simmons v. Kroger Grocery & Baking Company, 6 S. W. (2d) 1023. The action involves damages for personal injuries. Relator avers that the opinion of the Court of Appeals conflicts with the latest rulings of this court on the subject involved therein.

The facts summarized in the opinion of the Court of Appeals read:

"There is evidence tending to prove that on July 18, 1923, plaintiff was in the employ of defendant as a laborer, working in and about its warehouse, his particular duty being to unload freight, the method employed being to place hand trucks in the freight cars and when the hand trucks were loaded a number of laborers, usually from four to six, would push them across a runway leading from the freight cars to the platform of the warehouse. These loaded trucks were. then pushed by an electric truck to various elevators in the warehouse so that the merchandise could be stored therein where wanted. It was necessary, in moving the trucks across the platforms to the elevators of the warehouse, that an employee walk in front of the loaded hand truck holding a handle or bar to steer or guide the truck. In guiding the hand truck the employee would walk facing in the direction in which the truck was to be guided, with his hands behind him holding onto the steering handle of the truck. On the occasion in question the foreman in charge of the working crew, of which plaintiff was one, ordered them to hurry up and get a particular freight car unloaded. As soon as a hand truck had been loaded with boxes containing canned milk (the truck and its load weighing approximately two thousand pounds) and had been pushed across the gangway from the freight car to the platform by workmen, the foreman directed an employee named Ray and plaintiff to take the loaded hand truck over to the elevator. Plaintiff was told to guide the truck. Ray's part in the work was to operate the electric truck which did the pushing.

"According to plaintiff's own testimony, upon receiving the order to guide the truck while Ray operated the electric truck to push the hand truck to the elevator, he walked rapidly from the freight car across the running board to the platform, to the right-hand corner of the loaded hand truck, for the purpose of taking hold of the handle or bar to guide the truck; that because of the manner in which the hand truck was loaded he could not look over the truck and see behind it, and that just as he took hold of the guiding bar, or was about to take hold of it, Ray, without any warning, brought the electric truck up against the loaded hand truck 'with a crash—fast,' causing the right-hand wheel of the truck to move forward onto and upon plaintiff's foot, injuring the same.

"Plaintiff, in his cross-examination as to the reason why his foot got under the wheel of the truck, stated that the truck 'came too quick; couldn't see it start.'

"Plaintiff's assignment of negligence predicated upon defendant's failure to warn was submitted to the jury and, in the light of plaintiff's testimony as above outlined, we think, properly so.

"Under plaintiff's testimony, in compliance with the orders of his foreman, he had to take hold of the handle or guiding bar, which required that he get in front of the loaded hand truck. And on this occasion, according to plaintiff, the truck was so loaded that when he was in front of the truck at the guiding bar he could not see the approach of the electric truck that was to push the hand truck."

I. On a writ of certiorari to an appellate court, the determination of error, under our decisions, is limited to the finding of a conflict between the Court of Appeals' opinion and the latest ruling opinion of this court on the subject, either as to a general principle of law announced, or as to a ruling under a like, analogous or similar state of facts. The purpose of certiorari is to secure uniformity in opinions and harmony in the law. [State ex rel. Vulgamott v. Trimble, 300 Mo. 92, 253 S. W. 1014.]

II. The Court of Appeals decided, on the facts related, that "the fact that Ray, who operated the electric truck, and plaintiff were fellow-servants will not bar plaintiff from his right to recover, since the duty of the master to warn a servant of impending danger is a non-delegable one." Relator cites a number of opinions of this court, with which it avers that the opinion of the St. Louis Court of Appeals is in conflict. We find it necessary to summarize the facts and ruling in one case only cited by relator.

In Richardson v. Mesker, 171 Mo. 666, 72 S. W. 506, two employees of the same master were repairing a machine on which they worked. The fellow-employee put the machine in motion without notifying plaintiff of his intention to do so, and without knowing or having reason to know that plaintiff's hand was on the cogwheel which crushed it. The two employees were held fellow-servants and it was said that, even if plaintiff was injured through the negligence of a fellow-servant in starting the machine without notice of his intention to do so, still plaintiff could not recover, because he was injured by the negligence of a fellow-servant.

According to the Court of Appeals' opinion, the assignment of negligence submitted to the jury was defendant's failure to warn plaintiff that his fellow-employee was about to start the electric truck to push the loaded hand truck. The facts develop that plaintiff and his fellow-laborer were ordered by the foreman to take the

loaded hand truck to the elevator. Plaintiff was told to guide the loaded truck, and Ray, the fellow-laborer, to operate the electric truck to push the loaded truck. As plaintiff took hold or was about to take hold of the guiding bar of the loaded truck, Ray, without warning, brought the electric truck against the hand truck, 'with a crash—fast,' causing the wheel of the hand truck to roll on plaintiff's foot, injuring it. It is evident, therefore, from the facts that plaintiff was injured by the negligence of a fellow-servant, in that the fellow-servant failed to warn plaintiff of the intended movement of the electric truck. The Court of Appeals' opinion holds that this was a non-delegable duty of the master. We do not think so. The opinion, on the facts stated, would destroy the fellow-servant rule, which is firmly established in the law of this State. The proximate cause of plaintiff's injury was the operation of the electric truck by Ray, without warning plaintiff, the act of a fellow-servant. The master cannot be expected to be present to guard an employee against each act of a fellow-servant, even though it be a negligent one. [Chrismer v. Bell Telephone Co., 194 Mo. 189, 92 S. W. 378; Ring v. Railroad, 112 Mo. 220, 20 S. W. 436.] There is no question but that plaintiff and Ray were laborers and, as the negligent act arose merely through the doing of the labor the two were performing in common, the proximate cause of the injury was the negligent act of the fellow-servant. [State ex rel. Duvall v. Ellison, 283 Mo. 532, 223 S. W. 651.]

The facts as developed do not disclose a duty upon the part of defendant, either through itself or Ray, to warn plaintiff of the intended movement of the electric truck. However, we have held that a rule of the master, or a custom developed in the course of business, to warn with respect to movement of a vehicle or implement, where danger may impend, does cast such duty upon a master and consequently liability. [Johnson v. Brick & Coal Co., 276 Mo. 42, 205 S. W. 615; Gettys v. American Car & Foundry Co., 322 Mo. 787.] Moreover, where the petition covers the situation, liability may be predicated on the failure of the master to formulate rules as to a warning, or other conduct of the business, provided that the surrounding conditions are such as to require the master reasonably to anticipate the occurrence and the conditions demand or advise a rule for the safety of employees.

We think the Court of Appeals' opinion is in direct conflict with Richardson v. Mesker, 171 Mo. 666, 72 S. W. 506, both on general principles of law and on analogous facts. Here as there, two employees of the same master were engaged in a common work or labor. In both cases the fellow-servant negligently started the machine in motion without a warning to his fellow-employee. As it was held in that case that their employer could not be held to answer for an

injury to one of them, caused by the negligence of his fellow-servant, so the same result must follow here. This court has lately followed the ruling that an employee of the same master cannot recover for an injury caused by the negligence of a fellow-servant. [Boston v. Kroger Grocery & Baking Co., 7 S. W. (2d) 1006.]

III. Plaintiff cites in support of his position two cases only, to-wit: Koerner v. St. Louis Car Co., 209 Mo. 141, 107 S. W. 481, and Young v. Lusk, 268 Mo. 625, 187 S. W. 849.

The case of Young v. Lusk, supra, cannot act as a precedent for plaintiff, for it is based on the Federal Employers' Liability Act, which permits recovery for death or injury resulting in whole or in part from the negligence of any of the officers, agents or employees of an interstate carrier as such.

Neither may the case of Koerner v. St. Louis Car Co., supra, on the facts herein related, be considered a precedent in plaintiff's behalf. The facts in that case show that the plaintiff, standing on a scaffold, had been at work for some time painting a stationary car. While so working, a crew of the defendant, by means of a dummy engine, moved the car which plaintiff was painting, without warning to him, thereby breaking the scaffold and throwing the plaintiff to the ground and injuring him. The evidence established a custom to warn employees working on such cars before moving them. The petition was based on the failure of defendant to provide and maintain a reasonably safe place for his servant to work. Consequently, it is evident that the Koerner case develops a trial theory and supporting facts that distinguish it from the case under consideration, so as to render it irrelevant and impertinent as a precedent for plaintiff herein.

It follows from what we have said that the record and opinion of the St. Louis Court of Appeals is quashed and held for naught. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.