STATE OF MISSOURI at the relation of BEN HUR LIFE ASSOCIATION, a Fraternal Insurance Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and ROBERT M. REYNOLDS, Judges of the Kansas City Court of Appeals.—119 S. W. (2d) 236.

Division Two, August 17, 1938.

*Ira B. Burns, Burns & Woods* and *A. J. Stanley* for relator.

*Edwin A. Harris* and *Edward E. Naber* for respondents.

TIPTON, J.—We issued our writ of certiorari to review the judgment of the Kansas City Court of Appeals in the case of Willie Bell Helm v. Ben Hur Life Association. The opinion in that case is reported in 107 S. W. (2d) 844, and there a complete statement of the facts may be found.

Respondents, in their opinion, found that Sidney T. Cole was issued a policy of life insurance on September 1, 1930, by the Loyal American Life Association; that plaintiff Willie Bell Helm was named the beneficiary; that the policy was a Missouri contract; that it was an old line policy; that on July 14, 1934, relator took over all of the assets and liabilities of the Loyal American under a contract approved by the Insurance Departments of Illinois and Indiana, and that the Insurance Department of Missouri was not consulted; that shortly after that date relator called the Kansas City district manager of the Loyal American to its home office and told him of the merger, but did not tell him of the terms, and instructed him to collect the premiums from the policyholders without telling them of the merger; that on August 4, 1934, the district manager collected the premium from the insured for the month of August without telling him of the merger; that on August 14, 1934, relator's special representative and the district manager called on the insured and told him that the assets of the Loyal American "had been wiped out and were gone and there was nothing left and that because of insured's health, defendant (relator) would not accept him into its company;" that relator did not give the insured any notice of the merger, advise him of his rights under it, or tender him any return of any part of the reserve on his policy; that the insured did not take any steps to have his policy transferred to relator and never thereafter paid any premiums on the policy; that the insured died on June 30, 1935; that plaintiff notified relator of his death and relator denied any liability on the policy; that the first premium falling due and remaining unpaid was for the month of September, 1934; that at that time the reserve of the policy was sufficient to provide extended insurance for the full amount of the policy for two years and three hundred twenty-seven days from September 1, 1934; and that relator's contention is that on account of liens placed against the policy by the merger contract the policy lapsed several months before the death of the insured.

The only point made in the Court of Appeals is that the demurrer to the evidence should have been sustained. In denying relator's contention, the court ruled as follows:

"The contract of insurance sued on is an old line life policy. It plainly provided for extended insurance, and for cash surrender values. This was the situation July 14, 1934, when defendant, without notifying insured, took over this policy, assumed this obligation, and took possession of all the assets that supported insured's policy. Fraudulently concealing the true state of affairs from insured, defendant told him his policy was valueless, although it then had a cash value over and above the so-called lien it claims to have established thereon without the knowledge or consent of insured. Knowing the true facts, defendant concealed them from insured and caused its agent to collect the August premium on this very policy and still

retains this premium, together with the admitted surplus of assets over and above its so-called lien, which, even under defendant's admissions, was and is still due insured on account of this policy. Insurer was not in bankruptcy or under court order or supervision when defendant contracted to take over all of its assets and good will. The insurance department of the State of Missouri was not consulted. No one represented insured. Although some policyholders were accepted by defendant and issued new policies and given credit for some cash value on their old policies, insured was not among the favored to whom this opportunity was offered. Defendant suggests that it was but acting the part of a 'good angel' in taking over a company that was about to go bankrupt. Its conduct toward this insured, and there were others similarly treated according to the record, is more like the conduct of a wolf wearing sheep's clothing. It took this policy, knowing its provisions, and thereafter collected one premium, which it never offered to return. By so doing it assumed the entire liability created by the policy. By reason of its fraudulent conduct and concealment, it is estopped to set up in defense a contract, the terms of which were concealed from insured and the true situation designedly misrepresented to him.''

" 'On a writ of certiorari to an appellate court, the determination of error, under our decisions, is limited to the finding of a conflict between the Court of Appeals' opinion and the latest ruling opinion of this court on the subject, either as to a general principle of law announced, or as to a ruling under a like, analogous, or similar state of facts. The purpose of certiorari is to secure uniformity in opinions and harmony in the law. [State ex rel. Vulgamott v. Trimble, 300 Mo. 92, 253 S. W. 1014.' State ex rel. Kroger Grocery & Baking Co. v. Haid et al., 323 Mo. 9, 18 S. W. (2d) 478, l. c. 480.]'' [State ex rel. Himmelsbach v. Becker et al., Judges, 337 Mo. 341, 85 S. W. (2d) 420, l. c. 421.]

With this principle in mind, we will proceed to review the alleged conflicts with our decision, and ignore the decision of other jurisdictions and our Courts of Appeals. Relator contends that "the opinion of the respondents wrongfully holds that because of estoppel the merger contract between the relator and the Loyal American was not effective and that liability was fixed against relator on the original policy issued by the Loyal American according to all of the terms thereof.'' In this proceeding, it is not within our power to determine if respondents correctly ruled the question, but we are limited to the question of whether their ruling conflicts with a previous and controlling decision of this court.

The case of Missouri Cattle Loan Company v. Great Southern Life Insurance Company, 330 Mo. 988, 52 S. W. (2d) 1, is the first case relied upon by relator. In that case, plaintiff, as assignee of the in-

sured under a life insurance policy, wrote a letter to defendant requesting that future notices of maturity of premiums be mailed directly to its office, so that it would have notice and the premiums would be promptly paid. Defendant replied by letter advising plaintiff that they would be forwarded as requested. Thereafter, timely notices of premiums were sent for the years 1923, 1924 and 1925, but no notice was sent for the year 1926. Plaintiff established that it relied upon receiving the notices, and because of such reliance failed to keep in mind the due dates of the premium. We held that defendant was estopped to assent forfeiture for nonpayment of premium where notice was not given. In ruling the question of estoppel, we said:

■ "Generally, an equitable estoppel arises only when the person claiming it has been put into such position that he will suffer injury if the estoppel is not declared. It is not intended to work a positive gain to a party. Its office is to protect him from a loss which, but for the estoppel, he could not escape."

The facts in that case are not similar to the facts in the case before us; nor do we think the principle of law announced in that case conflicts with the principle of law announced by respondents. In fact, we think respondents follow the principle of law announced in that case. In the case at bar, relator took over all the assets of the Loyal American, fraudulently represented to the insured that his policy was of no value, and did not tell the details of the merger. Relator retained the payment for the premium for the month of August. Respondents did not make a new merger contract but held that on account of the fraud relator would be estopped to rely on the merger contract. But for the merger, the policy would have been kept alive until long after the insured's death. We fail to find any conflict between that case and the case decided by respondents.

Nor do we think the ruling of respondents contravenes our ruling in the case of State ex rel. Moss v. Hamilton et al., 303 Mo. 302, 260 S. W. 466. In that case relator was the circuit clerk of Crawford County and he sought to compel the county to pay him his statutory salary. We held that, since he had paid over monthly fees collected by him as required by law, although he had put in monthly bills for salary at a lesser rate than fixed by law, he was not estopped from claiming additional amounts to which he was entitled, his conduct and acts not having caused the county to act to its detriment in view of its legal obligation to pay the statutory salary.

The case of Kline v. Groeschner, 280 Mo. 599, 219 S. W. 648, was a suit to determine title to real estate. The facts showed that neither defendant nor his grantor had expended any money in improving the land in question, and we ruled that estoppel would not lie where it is not shown that plaintiff did something which misled defendant or that defendant relied upon something done by plaintiff to alter his

position to his injury. Certainly, there is no conflict between that case and the ruling of respondent in the case at bar.

The case of Thompson v. Lindsay, 242 Mo. 53, 145 S. W. 472, was a suit to set aside a deed of trust and a trustee's deed purporting to convey a tract of real estate. It announced the same doctrine in regard to estoppel as the one stated in the Missouri Cattle Loan case. It is not in conflict with the decision of respondents.

The case of Coleman v. Northwestern Mut. Life Ins. Co., 273 Mo. 620, 201 S. W. 544, does not involve the same or similar facts. In that case, the Allen Paper Company had taken out an insurance policy upon the life of George D. Allen, its president, and the company was named beneficiary. Although there was a provision in the policy that the insured reserved no right to change the beneficiary, a change was made naming Allen's wife. The company became insolvent and the question involved concerned the change in beneficiary made without corporate authority. Again we find no conflict.

Relator next contends that "the opinion of respondents wrongfully holds relator is not entitled to the benefits of the liquidation or merger contract between it and the Loyal American in the action brought by Willie Bell Helm in which she is seeking to recover on a benefit certificate written by the Loyal American. In other words, respondents' opinion wrongfully gives the plaintiff the benefit of the contract aforesaid and relieves her from the obligations of it and wrongfully relieved her of the obligation of her election to stand on the merger or liquidation contract."

Respondent relies upon the case of Fox v. Windes, 127 Mo. 502, 30 S. W. 323. In that case the father had made a deed to his two sons of certain land, and later deeded them other lands in lieu of the first. The second deed recited that it was made to correct the description in the first deed and the sons accepted the second deed. Later, the father sold the land described in the first deed to a third party. We held that as the sons accepted the deed of correction, they were precluded to claim any interest in the first deed. We announce the doctrine that one who accepts under an instrument must adopt the whole of it, conforming with all its provisions and renouncing every right inconsistent with them.

State ex rel. and to use of Bay, Collector, v. Citizens' State Bank, 274 Mo. 60, 202 S. W. 382, is our last case relied upon by relator. In that case defendant contracted to pay the debts and depositors of another bank. It denied that it was liable for the taxes assessed against the stock. We held that defendant was estopped to allege that the sale of the assets was invalid for the purpose of defeating an action for taxes levied upon stockholders, which the bank itself was required to pay.

We think that the opinion of respondents does not conflict with either of these opinions. The liability of relator was not ruled upon

the merger contract, but respondents held relator liable because it had taken over all the assets of the Loyal American, and on account of its fraudulent conduct in dealing with the insured, it was estopped to rely upon the merger contract. Had it not been for the fraudulent misrepresentation made to the insured that his policy was worthless, there is no doubt but that he would have continued to pay the premiums due on the policy.

We believe that our writ, which was improvidently issued, should be quashed. It is so ordered. All concur.