FAIR MERCANTILE COMPANY, a Corporation, Appellant, v. UNION-MAY-STERN COMPANY, a Corporation, Respondent, No. 41061—221 S. W. (2d) 751.

Division One, June 13, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, July 11, 1949.

*Albert E. Hausman* for appellant.

*Burnett, Stern & Liberman* and *Robert Burnett* for respondent.

CLARK, P. J.—Plaintiff, a corporation, appeals from a judgment of the circuit court dismissing its cause of action and ordering it to comply with the terms of a compromise found to have been made in open court.

The original petition prayed damages for breach of contract, wrongful conversion of personalty and for seeking to acquire control of plaintiff's business and trade by wilfully and maliciously advertising that defendant had acquired the assets and business of plaintiff and that plaintiff was no longer in business. Judgment was prayed for $9,136.16.

During the trial a recess was declared to enable the parties to negotiate for a compromise. Phillip Paull, vice-president, and Albert Paull, president, of plaintiff, were put upon the witness stand in the absence of the jury. Each testified that an agreement had been reached whereby defendant would pay plaintiff $2,500.00 in full settlement and pay all costs, and that plaintiff would execute a release to defendant its officers and directors. Both the Paulls testified that the agreement was made, although Albert Paull said he doubted that it was a good settlement.

The jury was then called in and told by the court that the case had been settled and their service would no longer be needed.

Thereafter defendant tendered its check for $2,500.00, but plaintiff refused to execute a release. By leave of court plaintiff's attorneys withdrew from the case.

Defendant filed a supplemental answer and counterclaim, setting up the alleged settlement as a complete bar to plaintiff's cause of action, asking that Phillip Paull be made a cross-defendant and that

actual and punitive damages be awarded against the plaintiff and cross-defendant for malicious prosecution. '

Many months later Phillip Paull on behalf of plaintiff, without being represented by counsel, filed a paper designated "Answer to Defendant's Supplemental Answer and Counterclaim." This paper takes up thirty pages of the transcript, sets up much extraneous matter, lists many items of alleged damages and asks judgment for $236,591.58 actual damages and $100,000.00 punitive damages.

Defendant filed a motion to strike this last pleading of plaintiff and a motion for judgment on the pleadings.

One of the attorneys for plaintiff who had previously withdrawn entered his appearance as attorney for plaintiff and the cross-defendant. Defendant's motions were argued and submitted. Later the court sustained defendant's motion to strike plaintiff's cause of action and rendered judgment finding that the parties had made a valid compromise, [as hereinbefore set out] ordering defendant to pay $2,500.00 into the registry of the court, and ordering plaintiff to execute a release to defendant, its officers, agents and directors.

Plaintiff appeals and makes contentions which we summarize as follows:

(1) Neither Phillip Paull, as vice-president, or Albert Paull, as president, of plaintiff, acting separately or together, had implied authority to compromise the case; (2) the burden was upon defendant to prove such implied authority; (3) an accord and satisfaction is not binding on either party unless consummated by payment and acceptance of the consideration therefor; (4) the court was without jurisdiction to render the decree which it did.

In support of its first two contentions appellant cites Stevens Davis Co. v. Sid's Petroleum Co., (Mo. App.) 157 S. W. (2d) 246; Sparks v. The Despatch Transfer Co., 104 Mo. 531, 15 S. W. 417; Coleman v. Northwestern Ins. Co., 273 Mo. 620, 201 S. W. 544; Farmers and Merchants Bank v. Boland, (Mo. App.) 175 S. W. (2d) 939, and General Motors Acceptance Corp. v. Holland, (Mo. App.) 30 S. W. (2d) 1087. Those cases hold that the president of a corporation, without any special authority from the board of directors, may perform for the corporation all acts of an ordinary nature which, by usage or necessity are incident to his office; that the authority of directors to bind the corporation belongs to them collectively, not individually, and their actions are to be shown by the minutes of the corporation; however, where the president or other officer of a corporation acts as its agent and is by it so recognized and treated, or held out to the world, his acts within the scope of authority given to him are binding on the corporation; but that such agency cannot be established by proof of acts, declarations and conduct of the alleged agent, unless the same are known to the principal, or are so often repeated that knowledge on the part of the principal is implied.

In accordance with the holdings of the above cited cases, do the facts of the instant case establish that Phillip Paull and Albert Paull had authority to compromise this case?

Defendant's supplemental answer and counterclaim alleges that plaintiff is a "family corporation", all the stock in which is owned by Phillip Paull, his wife and three sons; that Phillip Paull founded the business and has at all times dominated and directed all its activities; that he made his son Albert president of the corporation, but Albert has been president in name only and that Phillip Paull has at all times acted as president and general manager, conducting the business as though it were his own and not that of the corporation; that Phillip Paull made a contract with defendant to sell plaintiff's entire stock of merchandise; that he was then operating the business alone; that he employed attorneys to bring suit for alleged breach of this contract.

All the allegations above recited from defendant's answer must be taken as true. They are contained in a pleading which required a responsive pleading and stand admitted if not denied in such responsive pleading. [Civil Code, Laws of Missouri 1943, page 353, Mo. R. S. A., 847.32, 847.41, 847.58.] Plaintiff did file a responsive pleading in which none of the above recited allegations of defendant's pleading was denied. Plaintiff's pleading also alleged that Phillip Paull made the contract to sell the entire stock of merchandise [with certain exceptions] for a profit of more than $25,000.00, because he sold it at retail prices. This pleading was filed for plaintiff by Phillip Paull without the advice of counsel, but thereafter one of the plaintiff's original attorneys re-entered the case and made no effort to file a new or amended pleading.

From the admitted facts recited above, Phillip Paull acted as the general manager and agent of the plaintiff corporation throughout its existence, with apparent authority to transact all of its business and without objection from any officer, director or stockholder of the corporation. Under the cases cited by appellant, the acts of Phillip Paull were of such nature and duration as to imply knowledge and acquiescence on the part of the officers and directors and to clothe him with general authority to transact the business of the corporation. Certainly plaintiff cannot and does not deny that Phillip Paull had authority to contract to sell the defendant all or nearly all the corporation's merchandise at retail prices for, unless that contract is valid, this suit for its alleged breach cannot be maintained. Nor does the appellant question the authority of Phillip Paull to employ attorneys to institute and conduct this suit for alleged breach of the contract. So, having general authority to conduct appellant's business, authority to make the contract, and to employ attorneys and conduct this suit for the breach of the contract, it would seem

to follow that he had authority to compromise the case; especially with the approval of the trial court.

However, appellant takes the position that the agreement entered into by the parties is not a "compromise and settlement", but an "accord and satisfaction", or rather an accord without satisfaction, which is not binding until completed. Some cases attempt to make a distinction, shadowy and indistinct, between "compromise and settlement" and "accord and satisfaction." [1 C. J. S., p. 464.] So far as the instant case is concerned, the distinction, if any, is one without a difference. A mere offer, whether designated by one term or the other, is not binding until accepted, but an agreement fairly made and based upon a good consideration, assented to by both parties, is binding on both, even though some of the terms of the agreement remain to be performed. Here a stipulation was made in open court and spread upon the record whereby appellant, represented by its active general manager and two able attorneys, agreed to accept the sum of $2,500.00 in full settlement of its cause of action, to dismiss the suit and to execute a release, and respondent agreed to pay that sum. The stipulation was not made until the trial court had assured itself that it was fully understood by both the Paulls. Such a stipulation should be as binding as a written contract; indeed, it is a contract but made with more solemnity and with better protection to the rights of the parties than an ordinary contract made out of court. [60 C. J., p. 43, sec. 8; Dittmeier v. Laughlin, (Mo. App.) 253 S. W. 777, 1. c. 780, "An oral admission or agreement, made in open court for the purposes of the trial or hearing, and preserved in the record, has the same binding force and effect as a written, signed stipulation."]

Appellant places some reliance on the fact that following the entry of the stipulation the further entry was made: "Passed for settlement." We do not regard this as an indication that the contract of compromise was incomplete. The terms of the agreement were definite, the promise of one party was consideration for the promise of the other and the *contract* was complete, although things remained to be done under it. This was not a mere *offer* to compromise, any more than a written agreement to purchase real estate is only an offer because the execution and delivery of the deed and the payment of the purchase price are to be performed in the future. [Priest v. Oehler, 328 Mo. 590, 41 S. W. (2d) 783.]

Finally, appellant claims that the case was at law and the trial court was without jurisdiction to render a decree for specific performance of the agreement of compromise, citing, Congregation v. Arky, 323 Mo. 776, 20 S. W. (2d) 899, and Charles v. White, 214 Mo. 187, 112 S. W. 545.

Those cases hold that no judgment can be rendered which is not within the issues made by the pleadings. Such is the uniform hold-

ing of our decisions, but in the instant case the decree *is* within the issues made by the pleadings. True, the case started as one at law, but, after the compromise agreement was made, respondent filed a supplemental answer setting up the agreement and containing the following prayer: "Wherefore, defendant prays that this cause shall be dismissed with prejudice in accordance with the settlement and compromise agreement as aforesaid; that plaintiff be required to execute a release in accordance with the said agreement; and for such further relief as may be proper, and for its costs in this behalf incurred." Thus, this pleading expressly prayed for specific performance of the compromise which had been made in open court, which amounted to a prayer for equitable relief. [Columbia National Life Ins. Co. v. Dubinsky, 349 Mo. 299, 160 S. W. (2d) 727.] Appellant's responsive pleading did not deny the making of the agreement and offered no reason why the court lacked power to grant the relief prayed. Then, as no question of fact was involved, respondent moved for judgment on the pleadings. The sole question then remaining was one of law as to whether the agreement constituted a mere offer or a completed contract of compromise.

We hold that the decree is for the right party, is within the issues made by the pleadings and should be and is hereby *affirmed*. All concur.