SAPIN GARMENT COMPANY, A CORPORATION, RESPONDENT, v. W. T. JOHNSON, W. RAY JOHNSON, FRANKLIN ELWIN JOHNSON, AND PAUL JOHNSON, d/b/a JOHNSONS' DEPARTMENT STORE, AND RAILWAY EXPRESS AGENCY, INCORPORATED, APPELLANTS.—253 SW (2) 983.

Springfield Court of Appeals. Opinion filed January 28, 1953.

*Donnelly & Donnelly, Robert T. Donnelly,* and *Phil Donnelly,* of Lebanon, Attorneys for appellants.

854

*Fields & Low,* of Lebanon, *Jean Paul Bradshaw,* of Springfield, Attorneys for Respondent.

BLAIR, J.—On November 25, 1949, plaintiff filed its original petition. On September 30, 1950, plaintiff filed an amended petition, on which the case was tried. To this defendant Johnsons' Department Store filed its separate answer. On November 1, 1950, defendant Railway Express Agency, Inc., filed its separate motion to dismiss. This motion was overruled by the trial court on November 18, 1950. On December 9, 1950, defendant Railway Express Agency, Inc. filed a separate answer.

Upon the application of plaintiff and at its cost, the case was continued until the next regular term of said court. The case was tried at the May term of the Laclede County Circuit Court, before the judge thereof, and a jury. At its conclusion, the jury returned a verdict in favor of plaintiff and against Johnsons' Department Store, in the sum of $633.25, with interest thereon, at 6% per annum, from June 12, 1949, making a total sum of $709.24, and the jury found in favor of defendant Railway Express Agency, Inc. The trial judge entered judgment accordingly.

On June 23, 1950, defendant Johnsons' Department Store filed its motion for a new trial. Being unsuccessful in said motion, said defendant has appealed to this Court. The verdict and judgment were

in favor of defendant Railway Express Agency, a corporation, and as plaintiff (respondent) did not appeal from such judgment, that defendant dropped out of the case, except as a witness.

Plaintiff asked for a judgment against Johnsons' Department Store for goods and merchandise valued at $633.25 on May 12, 1949, and on said date delivered said goods to defendant Railway Express Agency, a corporation. Said latter defendant agreed to carry the two packages safely and to deliver them to defendant Johnsons' Department Store at Lebanon, Missouri.

The petition further alleged that defendant Railway Express Agency, Inc. delivered said goods to defendant Johnsons' Department Store at Lebanon, Missouri, or to some person or party unknown to plaintiff. The petition alleged that the charges for such goods were reasonable and that said defendant Johnsons' Department Store has failed and refused to pay therefor, though asked to do so.

If said goods and merchandise were directed to defendant Johnsons' Department Store, and defendant Railway Express Agency, Inc., failed and neglected to deliver said goods as directed, judgment was prayed for against both of said defendants.

Defendant Johnsons' Department Store filed what amounted to a general denial and specifically denied that defendant Railway Express Agency, Inc. delivered said goods to it. The separate motion of defendant Railway Express Agency, Inc. to dismiss said case as to it, was filed. Being unsuccessful in its motion to dismiss, defendant Railway Express Agency, Inc. within 30 days thereafter, as fixed by the trial court, filed its separate answer to plaintiff's petition. Among other things, said defendant alleged that it delivered plaintiff's goods and merchandise as directed to defendant Johnsons' Department Store at Lebanon, Missouri.

The transcript of the testimony of the witnesses is very long, covering about 300 pages. It seems that two of the Johnson boys, Leland and Clinton, withdrew from the Johnsons' Department Store and established a Women's Fashion Store on the second floor, previously occupied by Johnsons' Department Store, and put the display of its goods in the south window on the main floor.

So far as appears, none of the Johnsons connected with the Johnsons' Department Store had any financial interest in the Women's Fashion Store on the second floor. Leland Johnson later withdrew from the Women's Fashion Store, and that store subsequently failed and its owner went into bankruptcy.

Plaintiff had previously sold goods to Johnsons' Department Store, and so directed the particular packages of goods or merchandise to be shipped. They were presented and delivered to the Johnsons' Department Store, as directed, in due time. Whether such packages were taken by some of the Johnsons connected with the Women's Fashion Store above, was not disclosed. The goods were directed to.

and delivered to Johnsons' Department Store on the first floor. They were receipted for by Leland Johnson, one of the operators of the Women's Fashion Store above, according to plaintiff's evidence.

What became of the packages is more or less of a mystery in this case. Defendant Johnsons' Department Store denied receiving the goods and the proof failed to establish that the particular goods were received by the Women's Fashion Store above, although they were such goods as the Women's Fashion Store above handled.

The evidence of plaintiff tended to show that Leland Johnson had ordered goods from plaintiff for Johnsons' Department Store, before the Women's Fashion Store was established; and the theory of plaintiff was that it had no knowledge of the establishment of the Women's Fashion Store. It charged the goods to and directed them to defendant Johnsons' Department Store, on its previous credit.

That, at least, must have been the theory of the jury in returning a verdict against defendant Johnsons' Department Store only. The jury had the right to believe or disbelieve the various witnesses. It is plaintiff's contention that there is no reason why the verdict of the jury should be disturbed by us.

Witness Henry Moss, working for plaintiff, met Leland Johnson and introduced him to the saleslady. It seems that defendant Johnsons' Department Store had handled women's fashion goods before the Women's Fashion Store was opened by Leland and Clinton Johnson, and that Leland had several times ordered ladies' goods for Johnsons' Department Store, when it sold goods of that kind.

On cross-examination, witness Henry Moss fixed the time that Leland Johnson ordered ladies' fashion goods for Johnsons' Department Store, as 1945, 1946 and 1947, about two years before Leland Johnson ordered goods that ultimately found their way to the Women's Fashion Store above, although charged to defendant Johnsons' Department Store. Moss testified that he wrote time and again to defendant Johnsons' Department Store, and even telegraphed to that store and also talked to some one there and received a promise of payment for the goods. He even heard of the bankruptcy proceedings, but did not pay any attention to such reports, as they did not apply to Johnsons' Department Store.

Complaint is now made of the refusal by the trial court of instructions asked by defendants. Instruction "A" requested by appellant and refused by the trial court, was as follows:

"The Court instructs the jury that if you find and believe from the evidence that Leland Johnson had no authority from defendants W. T. Johnson, W. Ray Johnson, Frank Elwin Johnson and Paul Johnson to purchase the goods and merchandise referred to in evidence from plaintiff, if you so find, then your verdict shall be for the defendants."

Appellant also asked and the trial court refused to give Instruction "B", as follows:

"The Court instructs the jury that even though you may find and believe from the evidence that Leland G. Johnson purchased from the plaintiff the goods and merchandise referred to in evidence, yet before you can find the issues for the plaintiff and against the defendants W. T. Johnson, W. Ray Johnson, Franklin Elwin Johnson and Paul Johnson, doing business as Johnsons' Department Store, it devolves upon the plaintiff to prove by the preponderance or greater weight of the evidence that the said Leland G. Johnson was authorized by the defendants W. T. Johnson, W. Ray Johnson, Franklin Elwin Johnson and Paul Johnson, doing business as Johnsons' Department Store to purchase said goods and merchandise, and unless the plaintiff has so proven the plaintiff is not entitled to recover and your verdict will be for the defendants W. T. Johnson, W. Ray Johnson, Franklin Elwin Johnson and Paul Johnson, doing business as Johnson's Department Store."

The appellant was clearly entitled to have the jury instructed on its theory of the case and the refusal of such instructions was error.

In Fair Mercantile Company v. Union-May-Stern Co. 221 S. W. (2d) 751, l.c. 753, the St. Louis Court of Appeals, speaking through Judge Flynn, said:

"* * * * the president of a corporation, without any special authority from the board of directors, may perform for the corporation all acts of an ordinary nature which, by usage or necessity are incident to his office; that the authority of directors to bind the corporation belongs to them collectively, not individually, and their actions are to be shown by the minutes of the corporation * * * *."

In Stevens Davis Co. v. Sid's Petroleum Corporation, 157 S. W. (2d) 246, l.c. 249, the same Court of Appeals, speaking through Sutton, Commissioner, had said:

"There is no evidence whatever in the instant case that Irven Dubinsky was manager of the defendant corporation, or that he was authorized to act as manager or to transact any business of any character for the corporation, or that he had ever at any time previous to the transaction in question acted as manager or transacted any business of any character for the corporation. It is true he was a stockholder in the corporation and received dividends on his stock, but that gave him no authority, actual or apparent, to transact the business of the corporation. * * * *."

The facts set out in refused Instruction "A" are largely covered by Instruction "B", also refused by the trial court. Under the cases cited, the trial court at least should have given defendant Johnsons' Department Store Instruction "B". Said defendant was clearly en-

titled to have the jury pass on its contention that Leland Johnson had no authority in 1949 to bind defendant Johnsons' Department Store, as that defendant's evidence tended to show.

For the error in refusing to give and read to the jury Instruction "B" asked by defendant Johnsons' Department Store, the judgment entered against Johnsons' Department Store must be reversed and the cause remanded for another trial against said defendant.

It is so ordered. *Vandeventer, P. J.,* and *McDowell, J.,* concur.