**OVERLAND GARAGE AND PARTS, INC., Plaintiff-Respondent,**

v.

**Honorable Richard K. ZERR et al., Defendants-Appellants.**

**No. 40917.**

Missouri Court of Appeals, Eastern District, Division Four.

June 10, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 1980.

Application to Transfer Denied Sept. 9, 1980.

David R. Hess, Jack B. Schiff, Clayton, for defendants-appellants.

Thomas W. Wehrle and Daniel Bartlett, Jr., T. Douglas Moore, Clayton, for plaintiff-respondent.

SIMON, Judge.

This is an appeal from a judgment of the Circuit Court of St. Charles County setting aside and holding for naught a default judgment entered by the Magistrate Court of St. Charles County. We reverse.

Appellant, David E. Morton (Morton), by his attorney appellant, Jack B. Schiff (Schiff), filed a replevin action without bond on December 21, 1977 in the Magistrate Court of St. Louis County to recover a 1974 Lincoln Mark IV (automobile), then in possession of the respondent, Overland Garage and Parts, Inc. (Overland). Overland is a towing and garage service sometimes employed by the St. Louis County Police Department to tow automobiles, and is represented by the St. Louis County Counselor's office (county counselor) pursuant to the employment agreement. A short time prior to the filing of this action, Schiff went to the offices of the county counselor seeking immediate recovery of the automobile. He was informed that another individual, Dan Johnson (Johnson), had also made a claim as to the automobile and was advised that his client, Morton, would be interpleaded in a circuit court case. Schiff responded that "he would do it his way."

On December 23, 1977, Johnson filed a replevin action with bond for the automobile in the Circuit Court of St. Louis County, styled "Dan Johnson v. St. Louis County Board of Police Commissioners, et al." The county counselor also represented the defendants in that case.

Morton's case was set on January 19, 1978. On January 19, 1978, the county counselor entered his appearance as attorney for Overland. Johnson's attorney entered his appearance specifically and filed a motion to dismiss. After being informed that the county counselor would file an interpleader in the circuit court case, the Magistrate continued the case to February 15, 1978. On January 24, 1978, an answer and interpleader, and a motion to quash the Magistrate Court proceedings were filed in the Circuit Court. Copies were filed in the Magistrate Court, and were mailed to Schiff. At some point, Schiff had the Magistrate Court setting date reset to January 26, 1978. The county counselor was notified of the new date on January 26, 1978, Morton, through Schiff, filed an application and affidavit for a change of venue based on bias and prejudice of the inhabitants of St. Louis County. The change of venue was granted and the complete file was sent to appellant Judge Richard K. Zerr's court (Judge Zerr), Magistrate District No. 2, St. Charles County. On February 3, 1978, Overland filed a motion in the St. Louis County Magistrate Court to set aside the change of venue. A copy of the motion was sent to Judge Zerr. On February 9, 1978, the motion was argued and overruled.

On February 3, 1978, the Circuit Court of St. Louis County entered an order in the Johnson case sustaining the motion to quash the proceedings in the Morton case in the Magistrate Court of St. Louis County and granted the prayer to interplead Morton. Copies of these orders were mailed to Schiff, and on February 17, 1978, Schiff was served with the order interpleading Morton.

On February 24, 1978, Judge Zerr rendered a default judgment in favor of Morton and against Overland for possession of the automobile or an assessed value of $4500 and $500 damages and costs. Prior to the entry of the judgment, Judge Zerr had received copies of the St. Louis County Circuit Court's orders on the motion to quash and the interpleading of Morton. The county counselor also received notice of the February 24 setting in Judge Zerr's court.

On the day prior to the entry of the judgment, the county counselor had spoken to the clerk in Judge Zerr's court and was advised that the court had received the copies of the orders of the St. Louis County Circuit Court and the answer and interpleader. The county counselor was told that he would not have to appear. On the

date of the entry of the judgment, but prior to its entry, Judge Zerr called the county counselor and informed him that Schiff was in court and wanted a judgment. In the conversation, Judge Zerr was informed of what his clerk had said. The conversation ended without a specific statement by Judge Zerr as to the disposition of the case.

On March 9, 1978, after the deadline for setting aside the judgment or appealing, Morton requested an execution on the judgment, garnishing Overland's bank account. Overland filed an action in the Circuit Court of St. Charles County entitled, "Petition in Injunction to Set Aside Judgment," naming as defendants Judge Zerr, Morton, Schiff, Harold Hoeh, the Sheriff of St. Louis County and St. John's Bank and Trust Company. The court issued a temporary restraining order prohibiting appellants and the other defendants from proceeding in any manner in respect to the judgment except for the setting aside of the judgment and an order to show cause. Overland had filed a motion to quash the execution and garnishment in Judge Zerr's court and the proceedings were stayed pending the decision of the Circuit Court.

Returns to the order to show cause were filed and a hearing was held on September 7, 1978 and by stipulation of the parties, the hearing encompassed the order to show cause and the merits of the action. At the close of Overland's case, the court overruled appellants' motion to dismiss. Appellants offered no evidence but rested upon their motion to dismiss.

The trial court ordered appellants and the other defendants to cease any and all activity pursuant to the default judgment and set aside and held for naught the said judgment. The trial court, in its findings of fact and conclusions of law, found that the default judgment was procured by extrinsic fraud in that the attorney procuring the judgment at that time had actual notice of the order of the Circuit Court of St. Louis County quashing the action in the Magistrate Court. Judge Zerr, Morton and Schiff have appealed.

On appeal, appellants allege that the trial court erred in setting aside the judgment on the ground that there was no evidence to support the finding that the judgment was procured by extrinsic fraud and that the trial court erroneously applied the law in ruling that the St. Louis County Circuit Court had the jurisdiction to quash the action pending in the St. Charles County Magistrate Court.

■ The standard for review of court tried cases is well settled. The judgment of the trial court shall be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The question presented by appellants' first point concerns the evidentiary portion of the standard.

The trial court found that the judgment entered in the St. Charles County Magistrate Court was procured by extrinsic fraud in that the appellant Schiff had actual notice of the order of the St. Louis County Circuit Court quashing the action in the Magistrate Court. It is clear as our Supreme Court, in *Reis v. La Presto*, 324 S.W.2d 648, 653–654 (Mo.1959), has stated:

" "[a] judgment cannot be set aside on the ground of fraud unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevented the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts or matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered. * * * Such a proceeding cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony there, or because the parties neglected to litigate such matters in the original case. "Courts of equity do not grant such relief for the purpose of giv-

ing the defeated party a second opportunity to be heard on the merits of the case." ' *Hockenberry v. Cooper County State Bank of Bunceton*, 338 Mo. 31, 88 S.W.2d 1031, 1036[2, 3]."

■ There is no evidence to support a finding that the judgment was procured by fraud. It is uncontroverted that Schiff had notice of the order quashing the proceedings but so did Judge Zerr, who rendered the default judgment. There is no evidence to support a finding that Judge Zerr was misled or that material facts were withheld from him. Overland was not prevented from presenting a defense. The record clearly indicates the county counselor was aware of the proceedings, and had in fact discussed them with the clerk of the St. Charles County Magistrate Court and Judge Zerr prior to the entry of the judgment. The county counselor made the decision not to appear in court. The record does not show any evidence to indicate that he was misled in that decision by Judge Zerr or Schiff.

Overland alleges Schiff's actions were tainted with fraud. The record lends no support to this. Schiff filed the replevin suit on behalf of Morton which he had a right to do. The case was accelerated on the docket of the St. Louis County Magistrate, but the county counselor received notice of the new date. Schiff moved for a change of venue, which he had a statutory right to do.[1] Overland was aware of the motion and later filed a motion to set aside the change of venue. The county counselor was aware of the trial date in St. Charles and was not prevented from appearing and presenting his defense. Apparently, the county counselor never checked the disposition of the case until the garnishment was served on Overland's bank.

Although, it has been said that fraud is elusive, we shall not designate legitimate actions as fraudulent because of the failure of Overland to look after its litigation. See, *Citizens Bank of University v. Gehl*, 567 S.W.2d 423 (Mo.App.1978). Our review of the record has failed to produce any evidence of fraud.

Appellants' second point is that the trial court erroneously applied the law by ruling that the St. Louis County Circuit Court had extraterritorial jurisdiction to quash the St. Charles County Magistrate proceedings. This conclusion of law is not specifically stated in the trial court's ruling but it may be reasonably inferred therefrom. Appellants and respondent rely on *Kleg v. O'Neil*[2], 449 S.W.2d 887 (Mo.App.1970) as supportive of their positions.

The *Kleg* holding is not of any assistance on this point. Reliance would be better placed on constitutional and statutory authority. Article V., Section 4, Const.Mo. 1945[3] provided that the Circuit Courts have general superintending control over all inferior courts and tribunals in their jurisdiction and may issue and determine remedial writs. Section 478.070 RSMo. (1969)[4] provided: "the circuit courts in the *respective counties in which they may be held* shall have power and jurisdiction as follows: . . . 4. Appellate jurisdiction from the judgment and orders of county courts, probate courts and magistrates and shall possess a superintending control over them . . . ." (emphasis added)

■ In accordance with our constitution and the statutory provision, the St. Louis County Circuit Court had no jurisdiction to quash a proceeding in the St. Charles County Magistrate Court.

1. § 517.510 RSMo. (1969), amended in 1978 with an effective date of January 2, 1979.

2. In *Kleg*, relator petitioned St. Louis County Circuit Court for mandamus to compel a St. Louis County Magistrate to sustain relator's motion to dismiss and quash a garnishment pending before the magistrate court. Although acknowledging that the circuit court had superintending control, our court held that such control is not unlimited and does not include the exercise of the power to direct an inferior court as to the manner in which the latter is to rule in a matter involving the exercise of judicial discretion.

3. Article V., Section 4, Const.Mo.1945, was amended in 1976, with an effective date of January 2, 1979.

4. § 478.070 RSMo. (1969) was amended in 1978, with an effective date of January 2, 1979.

After the motion and affidavit for a change of venue on account of the bias or prejudice of the inhabitants of St. Louis County was filed the St. Louis County Magistrate had no further jurisdiction in the cause except to grant such change of venue. See, § 517.520 RSMo. (1969).[5] Once the St. Charles County Magistrate Court received the cause pursuant to the change of venue, appellant Judge Zerr was required to proceed with the cause as if the cause had been originally commenced before him. See, § 517.530 RSMo. (1969).[6]

Based upon the constitutional and statutory provisions, the cause was under the jurisdiction of Judge Zerr and was not subject to the order to quash the proceedings issued by the St. Louis County Circuit Court on February 3, 1978.

Judgment reversed; cause remanded with directions to reinstate the judgment of the Magistrate Court.

SMITH, P. J., and SATZ, J., concur.

---

5.  § 517.520 RSMo. (1969) was amended in 1978, with an effective date of January 2, 1979.

6.  § 517.530 RSMo. (1969) was repealed in 1978, with an effective date of January 2, 1979.