Burt WENNEKER, d/b/a Burt Wenneker & Company, Respondent,

v.

Joseph FRAGER and Gertrude Frager, his wife, Appellants.

No. 33393.

St. Louis Court of Appeals.
Missouri.

Dec. 16, 1969.

Dempsey & Dempsey, David G. Dempsey, Clayton, for appellants.

Adolph K. Schwartz, St. Louis, for respondent.

CLEMENS, Commissioner.

The issue here is the trial court's authority to render judgment enforcing a settlement after the parties had executed a memorandum agreement and stipulated in open court that the cause be "passed for settlement". We affirm the judgment.

*The background.* Respondent Burt Wenneker, a builder, and appellants Joseph and Gertrude Frager, property owners, sued each other over a construction contract. Wenneker sought a money judgment and a mechanic's lien against the Fragers' property, joining other potential lienholders as defendants. Joseph Frager sued Wenneker for damages, alleging non-compliance with the construction contract. The cases were consolidated and went to trial without a jury. Mr. Adolph K. Schwartz represented Mr. Wenneker and Mr. John F. Nangle represented Mr. and Mrs. Frager. The

second day of trial the court granted counsels' request for a recess to "work on a settlement". After several hours an agreement was reached, evidenced by a memorandum in Mr. Nangle's handwriting.

The essence of this agreement was that the Fragers were to pay Wenneker $10,000 and he was to satisfy all lien claims against the Fragers' property. The memorandum declared that the parties had settled all matters pending between them and the lawsuits would be dismissed with prejudice; Joseph Frager would release to Wenneker $2,315.78 in cash then held in escrow and Joseph and Gertrude Frager would give Wenneker their standard form five-year promissory note for $7,684.22 bearing seven percent interest annually; and Wenneker would pay the claims of three named potential lienholders. The memorandum was signed by both counsel, by Wenneker, and by Joseph Frager personally and for his wife, who was absent from the courtroom at the time.

The court's minute entry for September 7, 1967, the second day of trial, recited that the trial had progressed and "both causes passed for settlement". The court's memorandum signed by both counsel provided for taxing costs and recited: "Both causes hereby passed for settlement". Mr. Schwartz later testified Mr. Nangle then agreed to prepare the necessary closing papers but when that was not done he did so himself, sending them to Mr. Nangle for completion. By then other counsel had entered their appearance for the Fragers but the settlement papers were never executed.

After several months' delay, apparently prolonged by changes in the Fragers' counsel, Wenneker filed a "Motion for Judgment" in accordance with the settlement memorandum, reciting the Fragers' refusal and his own continuing readiness to comply with the agreement. The motion was served on the Fragers' counsel of record. After numerous settings and delays caused by further changes in the Fragers' counsel the motion came on for hearing, Mr. David G. Dempsey then appearing as the Fragers' counsel. The Fragers had filed no responsive pleading to Wenneker's motion for judgment.

The court heard evidence concerning the settlement and rendered judgment: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion for judgment in both causes of Burt Wenneker is sustained, the Court hereby approves the settlement agreement marked Burt Wenneker's Exhibit 1, and orders and directs Joseph Frager and Gertrude Frager to execute the promissory note in the principal sum of $7,684.22 for a term of five (5) years payable to Burt Wenneker in the form of the note which was attached and made a part of Wenneker's exhibit 2 in these proceedings. It is further ordered that Cause numbers 276455 and 276652 be and they are hereby dismissed with prejudice, and that the costs are ordered taxed in accordance with the Court memorandum heretofore filed herein."

The Fragers appeal, contending the motion for judgment was insufficient as a pleading for specific performance; the evidence showed neither Wenneker's performance nor the Fragers' repudiation of the settlement agreement, and that the settlement is not binding on Mrs. Frager since she did not personally sign the memorandum. We first consider the nature and legal effect of the settlement agreement and then the Fragers' contentions.

*Effect of Settlement.* Two Missouri cases concern the nature and effect of settling pending lawsuits where, as here, the parties announce in open court that they have settled and at their request the cause is ordered "passed for settlement".

In Fair Mercantile Co. v. Union-May-Stern Co., 359 Mo. 385, 221 S.W.2d 751, during trial the defendant agreed to pay and the plaintiff's president agreed to accept $2,500 in full settlement of plaintiff's claim and to dismiss the case. Thereupon the trial court, as here, noted that the cause was "passed for settlement". Thereafter

the plaintiff refused defendant's tender of the agreed $2,500. The trial court ordered the defendant to pay the $2,500 into court and ordered the plaintiff to execute a release. In rejecting plaintiff's efforts to proceed with its original claim the Supreme Court said: "Such a stipulation should be as binding as a written contract; indeed, it is a contract but made with more solemnity and with better protection to the rights of the parties than an ordinary contract made out of court."

Similarly, in Landau v. St. Louis Public Service Co., Mo.App., 267 S.W.2d 364,[1] at the start of trial plaintiff's and defendant's counsel orally agreed to settle for $1,750 and dismiss the case upon payment and execution of a release. Counsel signed and filed a memorandum "cause passed for settlement". Thereafter plaintiff declined to accept defendant's money and execute a release. The trial court decreed that the settlement be specifically enforced by ordering plaintiff to execute a release. In rejecting plaintiff's efforts to proceed with her claim this court held that the agreed settlement "was a *completed contract*. Neither party had a right to repudiate it."

 These two cases lead us to conclude that an open court agreement to settle a pending lawsuit, accompanied by a stipulation that the cause be passed for settlement, terminates the cause of action and creates a new obligation warranting a judgment in accordance with the terms of settlement. In Farmer v. Arnold, Mo., 371 S.W.2d 265[3] the court said "a compromise and settlement 'operates as a merger of, and bars all right to recover on, the claim or right of action included therein'", citing 11 Am.Jur., Compromise and Settlement, §§ 23–24, p. 271. The later edition of that work, 15 Am.Jur.2d, Compromise and Settlement, § 21, pp. 955–956, says "The antecedent claim is extinguished, and subsequent litigation based upon it is barred by

the compromise and settlement. * * * Thus a valid compromise and settlement is final, conclusive, and binding upon the parties; it is as binding as any contract the parties could make, and as binding as if its terms were embodied in a judgment; and, regardless of what the actual merits of the antecedent claim may have been, they will not afterward be inquired into and examined." The Supreme Court of North Carolina so held in Beauchamp v. Clark, 250 N.C. 132, 108 S.E.2d 535[2]. And in Theis v. Theis, 271 Minn. 199, 135 N.W.2d 740, l. c. 742, the Supreme Court of Minnesota in its own syllabus said "A valid compromise and settlement assented to by all the parties in interest is ordinarily final, conclusive, and as binding upon them as any contract and is as binding as if its terms were embodied in a judgment." We believe this is the nature and effect of the Wenneker-Frager settlement. We pass to the Fragers' specific objections briefed here.

*Sufficiency of "Motion for Judgment".* The essential question is whether Wenneker was entitled to enforce the agreed settlement by his motion for judgment or had to seek specific performance by a pleading akin to a petition for separate performance. In the Fragers' brief they "ignore the form of respondent's motion for judgment and treat[ing] it as a count in his petition asking for specific performance." They then attack the motion's sufficiency as they would a formal petition, pointing to the absence of allegations of mutual obligation, consideration, actual performance and no adequate remedy at law. All this presupposes that Wenneker must proceed formally as in a new lawsuit and may not proceed by motion in the same action. In *Landau* and *Fair Mercantile* settlement was enforced by amended answers, without comment on the form of procedure. In Evans v. Evans, Mo.App., 28 S.W.2d 416[3], a settlement was enforced by motion to quash an execution.

1. The Supreme Court took this case on transfer to determine another issue. See Landau v. St. Louis Public Service Co., 364 Mo. 1134, 273 S.W.2d 255, 48 A.L.R. 2d 1200 [3].

Missouri courts have not laid down a precise method for enforcing settlement agreements. The general rule in other states is that settlements "may ordinarily be enforced by petition or motion in the original action." 15A C.J.S. Compromise and Settlement § 48; 15 Am.Jur.2d, Compromise and Settlement, § 25. The topic is annotated at 94 A.L.R.2d 516 with this editorial comment: "Instead of instituting an action to enforce a compromise agreement, a creditor who has already commenced an action on an antecedent claim may seek to enforce a compromise which was entered into subsequently to the commencement of the action, and he may have the compromise enforced simply by moving for judgment in accordance with the terms of the compromise. Even where a creditor is seeking to obtain some form of equitable relief, rather than a payment of money, he may obtain a judgment in accordance with the terms of a compromise agreement and may thereby obtain whatever performance the debtor agreed to in the compromise agreement."

■ Here, the parties and their agreed settlement were still before the court. Their agreement contemplated mutual acts by the parties leading to the court's dismissal of the actions. By Wenneker's motion for judgment he asserted his readiness to comply with the settlement and the Fragers' refusal to do so and asked the court to enter a judgment in accordance with the settlement. Although the motion had been on file for six months the Fragers had not attacked its sufficiency. We hold Wenneker was entitled to seek enforcement of the settlement by the motion filed.

■ *Performance and Breach.* The Fragers contend Wenneker was not entitled to specific performance since he had not performed his part of the agreement by paying the lien claimants. By paragraph 2) of the settlement the Fragers agreed to pay Wenneker $10,000 by releasing $2,315.-78 in escrow funds and giving him their $7,684.22 note. By paragraph 3) Wenneker

agreed to pay off three lien claimants. Wenneker testified he had arranged with his bank to discount the Fragers' note. Further, he had effected settlements with the lien claimants for release of their claims, all to be discharged with funds flowing from the Fragers' note and the escrow funds. A fair interpretation of the settlement agreement is that the Fragers had to perform before Wenneker could, or at least do so simultaneously. Wenneker had gone as far as he could without the funds the Fragers had promised; their failure prevented his performance. Under those circumstances Wenneker's failure to perform did not preclude relief. That is particularly true where, as here, Wenneker's undertaking was joint and contemporaneous with the Fragers. In such a case failure to perform does not bar specific performance. Cape Girardeau-Jackson Interurban Ry. Co. et al. v. Light & Development Co. of St. Louis et al., 277 Mo. 579, 210 S.W. 361[4]; Landau v. St. Louis Public Service Co., 364 Mo. 1134, 273 S.W.2d 255, 48 A.L.R.2d 1200[16, 17]; Restatement of Contracts §§ 295(a), 315.

*Authority to Settle.* As noted, the settlement memorandum was signed by both counsel, by Wenneker, and Joseph Frager personally and for his wife. Mrs. Frager first contends there was no evidence she authorized her husband to settle the litigation. Both parties have briefed the issue of Mr. Frager's authority to settle for his wife.

■ Mrs. Frager was co-owner of the property in suit. She had authorized her husband to negotiate the building contract and was faced with a suit for $32,000 and numerous liens on the property. She and Mr. Frager employed Mr. Nangle and actively participated with her husband and Mr. Nangle in defense and trial of the suit. On the second day of trial she was ill and absent from the courtroom. By the settlement claims of Wenneker and the other lien claimants were compromised for $10,000. Under these circumstances we

cannot say Mr. Frager lacked apparent authority to act for Mrs. Frager in settling the litigation. "The general rule of law is that the agency of the husband for the wife may be shown by direct evidence or by such facts and circumstances as will authorize a reasonable and logical inference that he was empowered to act for her or that she ratified his unauthorized acts." Austin & Bass Builders, Inc. v. Lewis, Mo. App., 350 S.W.2d 133[4, 5].[2] Also see Ethridge v. Perryman, Mo., 363 S.W.2d 696[6]; and Bryant v. Bryant Construction Co., Mo.App., 425 S.W.2d 236[5].

■ Further, we do not overlook Mr. Nangle's authority to settle. The record is silent as to Mrs. Frager's specific authority to Mr. Nangle concerning settlement, but we are more concerned with the *apparent* authority she had conferred on him. Continental-St. Louis Corp. v. Ray Scharf Vending Co., Mo.App., 400 S.W.2d 467[2, 3]; Thornhill v. Masucci, 202 Mo. App. 357, 216 S.W. 819[4]. "An attorney in charge of a case has implied authority from his client to enter into any stipulation for the control of the progress of the action, even to the entering of judgment in favor of the opposite party." Parr v. Chicago, B & Q R Co., 194 Mo.App. 416, 184 S.W. 1169[2]. Also see State ex rel. A.M. T. v. Weinstein, Mo.App., 411 S.W.2d 267 [3, 5]; and Black v. Rogers, 75 Mo. 441, l. c. 447–448.

· Mrs. Frager relies on Kahn v. Brunswick-Balke-Collender Co., Mo.App., 156 S. W.2d 40[8], for her contention that mere employment of Mr. Nangle did not confer on him any authority to settle. The case does say authority is necessary, but adds: "The attorney's authority to compromise his client's case may be established from circumstances and is not necessarily dependent upon direct and affirmative evidence. Bay v. Trusdell, 92 Mo.App. 377. And the compromise of a pending suit by an attorney having apparent authority, will be binding upon his client, unless it be so unfair as to put the other party upon inquiry as to the authority, or imply fraud. Black v. Rogers, 75 Mo. 441."

■ Mrs. Frager had authorized her husband and Mr. Nangle to represent her in the defense and trial of Mr. Wenneker's case. Considering the extent to which she had surrendered the litigation's course to her husband and her lawyer, the apparent authority arising therefrom, and the seeming reasonableness of the settlement, we hold that the trial court was warranted in holding Mrs. Frager bound by the settlement.

In summary we conclude Mrs. Frager is bound by the settlement, that Mr. Wenneker has performed his obligations insofar as possible in view of the Fragers' breach, and that Wenneker's motion for judgment was a proper means of seeking specific performance.

Having acquired equitable jurisdiction herein the trial court retains jurisdiction until full justice has been done. So, the judgment herein will be affirmed and the cause remanded for such further orders as may become necessary to enforce the judgment rendered.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of the court. The judgment is affirmed and the cause is remanded for such further orders as may become necessary to enforce the judgment.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.

---

2. The Supreme Court took this case on transfer to determine another issue. See Austin & Bass Builders, Inc. v. Lewis, Mo., 359 S.W.2d 711.