**Mel GREGG, d/b/a Gregg Decorating Company, Respondent,**

v.

**Carl F. JOHNSTON, Appellant.**

**No. 28221**

Missouri Court of Appeals, Kansas City District.

Jan. 31, 1977.

Kranitz & Kranitz, Ronald M. Sokol, St. Joseph, for appellant.

Martin M. Bauman, St. Joseph, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Mel Gregg obtained a judgment against Carl Johnston and a mechanic's lien on certain property owned by Johnston by default. In this action Johnston filed a petition in which he requested the court to set aside the default judgment and appeals following the order of the court which denied relief.

On this appeal Johnston claims the evidence shows the default was taken against him as a result of surprise and mistake which was not Johnston's fault, and that Gregg admitted the grounds asserted in Johnston's petition because Gregg did not file an answer to such petition. Affirmed.

On May 21, 1974, Gregg filed a petition in the circuit court of Buchanan County against Johnston in which he prayed for a judgment in the total sum of $3,075.25 and for such judgment to be declared a mechanic's lien on the land owned by Johnston on which labor and material had been expended by Gregg. Johnston failed to file any pleading in response to this suit and on July 29, 1974, Gregg appeared with his attorney and obtained a judgment by default.

On April 24, 1975, Johnston filed a petition for equitable relief to set aside the default judgment. In his petition Johnston alleged he had a good and meritorious defense to the cause of action because of defective workmanship. He also pleaded that he failed to appear without any negligence on his own part because he advised Gregg's counsel of his defense and entered into negotiations with such counsel in an effort to settle the matter. He further alleged Gregg's counsel told him no judgment or other action would be taken until negotiations had ceased or broken down and that neither of these events had occurred prior to the entry of the judgment. Johnston further alleged Gregg's counsel deceived him into not appearing by continuing negotiations with no intention of actually settling the cause.

Gregg did not file an answer in response to this petition, but the matter was heard by the court without objection to the absence of an answer.

The only witness at the hearing was Johnston himself. He testified he received the petition and summons sometime in June, 1974. He stated he contacted Mr. Bauman, attorney for plaintiff Gregg, "probably within a month or so" after he received the pleading. He stated he advised Bauman the work Gregg had done was unsatisfactory and he felt Gregg actually owed him money instead of his being indebted to Gregg. Johnston testified Bauman told him to "come up with a figure or let him know what it would amount to or what the figures would be if I would settle.

Johnston stated he did not get any figures until the latter part of August, 1974. He further stated Bauman did not give him any time limit within which to come up with a figure nor was he advised by anyone concerning any date the action Gregg had filed would be heard in court.

At the conclusion of the hearing, Johnston's counsel advised the court there had been no showing of fraud but he was relying upon the grounds of "surprise, accident or mistake without fault of the movant."

On this appeal Johnston relies upon *Cross v. Gould*, 131 Mo.App. 585, 110 S.W. 672 (1908); *J. R. Watkins Company v. Hubbard*, 343 S.W.2d 189 (Mo.App.1961) and *Reis v. LaPresto*, 324 S.W.2d 648 (Mo.1959). In *Cross* and *Watkins* the court held a default judgment would be set aside when it was shown the default was obtained in violation of a promise made by an attorney not to take a judgment. In this case there was no evidence to show any agreement on the part of Bauman not to take a judgment nor is there any evidence to show the default judgment taken in this case was in violation of any statement or agreement Bauman did make. It is interesting to note the proof introduced fell far short of the allegations made in the petition. While the petition alleged the violation of an agreement and promise by Bauman, the proof did not show such agreement or violation. Thus the rule announced in *Cross* and *Watkins* does not aid Johnston in this case.

Johnston also states he is relying upon the doctrine announced in *Reis* at 324

S.W.2d 654. He does not further elaborate as to the precise statement on that page which controls this case, but it must be assumed he was referring to the following statement: "False representations by a party to his adversary that he need not file any pleading while they negotiate for a settlement could support an action in equity to set aside a judgment obtained without notice and in violation of those representations." However, as pointed out above, the evidence in this case did not show any false representations nor the violation of any promise or agreement. The court in *Reis* continued in the very next sentence after that quoted above, by stating: "But, when no such representations were made either in fact or by implication, then it is the defendant's responsibility to look after his litigation, and if he negligently fails to do so he is in no position to seek equitable relief from the courts. *Mutual Casualty Co. of Missouri v. Sansone*, Mo.App., 17 S.W.2d 558[2]. One who has been served personally with a summons must use diligence to prevent a default judgment against him, . . . ." 324 S.W.2d 648, 654.

Since Johnston failed to prove any false representation, either express or implied, he proved no grounds for relief. The court in *Reis* further forecloses Johnston's claim for relief when it points out that if one negligently fails to look after his litigation he is in no position to complain to the courts. Here the evidence simply showed Johnston made contact with Bauman and promised to get some figures and then delayed at least two months before doing anything further. In that circumstance, he did not show himself to be free from negligence so as to be entitled to relief from the judgment. See *Falcon Enterprises, Inc. v. Precise Forms, Inc.*, 509 S.W.2d 170, 175 (Mo.App.1974).

Because Johnston did not show any grounds for relief it is immaterial that he may have had a meritorious defense to assert.

Johnston raises one other matter which requires attention. He claims his petition was a pleading to which Gregg was required to file a responsive pleading under Rule 55.08. In *Watkins* this court held the filing of a "motion" to set aside a default was in fact a petition which was a separate suit in equity. In this case Johnston designated his pleading as a "petition for equitable relief to set aside default judgment." Gregg contends the action filed by Johnston was actually a motion which simply continued the original action filed by Gregg, and, therefore, no answer was required. Under the holding in *Watkins,* Gregg's contention is erroneous and an answer was required.

However, Johnston proceeded to trial without making any objection to the failure of Gregg to file an answer. Even though the provision requiring an answer is mandatory, "the enforcement of the provision is waived, unless the opposing party invokes the enforcement by timely and proper action." *Bailey v. Bailey,* 317 S.W.2d 630, 632 (Mo.App.1958). Thus Johnston waived the enforcement of the requirement that an answer be filed.

The judgment is affirmed.

All concur.