**CITIZENS BANK OF UNIVERSITY CITY, Respondent,**

v.

**Fred GEHL, Appellant.**

**No. 39084.**

Missouri Court of Appeals, St. Louis District, Division One.

May 9, 1978.

Motion for Rehearing and/or Transfer Denied June 8, 1978.

Milton L. Schwartz, St. Louis, for respondent.

Leonard J. Frankel, Clayton, for appellant.

CLEMENS, Presiding Judge.

When defendant-borrower failed to appear for trial the court awarded plaintiff-bank actual and punitive damages for defendant's fraud in obtaining a loan from

plaintiff. Defendant has appealed from denial of his motion to set aside.

In June of 1973 defendant, a chiropractor, applied to plaintiff for a $38,261 loan to purchase an x-ray machine. Defendant pledged the machine as collateral and signed a statement declaring he had received the machine in good working order. The bank relied on the declaration and made the loan.

In January of 1974 defendant defaulted on his loan payments and the bank attempted to repossess the collateral. Eventually the machine was found in a destroyed condition.

In January of 1975 plaintiff filed suit, alleging defendant had fraudulently represented he had received the x-ray machine in good condition at a time when in fact he had not received it. The case was set for trial on eight different dates and defendant was represented by three different attorneys. Before the withdrawal of Mr. Richard Schwartz as defendant's attorney, Mr. Louis Winter, a Florida attorney, filed a motion for temporary practice in Missouri. On January 21, 1977 the court denied Mr. Winter's motion due to violation of several Missouri civil rules. On January 25, 1977 Mr. Schwartz withdrew as attorney for defendant.

Plaintiff duly appeared for trial on January 31, 1977. Defendant failed to appear but sent a telegram to the court stating a settlement agreement had been reached. The court passed the matter for settlement but defendant thereafter refused to carry out the alleged settlement. The court then set the case for trial on February 28, 1977. Plaintiff's counsel notified defendant by mail sent to his recorded address, but defendant failed to appear at trial. The court heard evidence and entered judgment for plaintiff for $40,867 actual damages, $5,713 for attorney's fees and $35,000 as punitive damages.

Defendant's motion to vacate the judgment was denied. On appeal, defendant alleges the court erroneously denied his motion to vacate. He also contends the trial court erred in awarding punitive damages.

Defendant's first ground is that the trial court erred in denying his motion to vacate because it alleged a good cause for his non-appearance in that he did not have timely notice of the trial setting.

■ A trial court has broad discretion in passing on motions to vacate judgments. A judgment may be set aside on grounds of extrinsic fraud, accident or mistake, but to succeed the moving party must show reasonable diligence and good grounds for failing to defend, must show he has a meritorious defense, and that the other party will not be substantially harmed by the delay. *Human Development Corp. of Metropolitan St. Louis v. Wefel*, 527 S.W.2d 652[1–3] (Mo.App.1975).

■ Defendant's motion fails on each ground. Defendant knew the case had been set for trial and then passed for settlement on January 31, 1977. Subsequently he failed to carry out the alleged settlement. Defendant knew he had no attorney authorized to practice in Missouri at the time and, furthermore, failed to notify plaintiff or the court of his change of address. Defendant's failure to receive timely notice of trial was due to his own carelessness. If one negligently fails to look after litigation, he has no cause to complain that a judgment should be set aside. *Gregg v. Johnston*, 546 S.W.2d 754[2, 3] (Mo.App.1977). Furthermore, defendant's motion fails to show a meritorious defense. The trial court did not abuse its discretion in denying defendant's motion to set aside the judgment.

■ Defendant next contends the trial court erred in awarding punitive damages. For the elements of fraud to warrant punitive damages, see *Ackmann v. Keeney-Toelle Real Estate Co.*, 401 S.W.2d 483[2–5] (Mo.1966). Defendant contends the evidence fails to show the falsity of his representation that he had received the x-ray machine in good working order. We disagree. By defendant's deposition he testified he signed the acceptance agreement in June of 1973. He further testified the x-ray machine did not arrive in St. Louis until

the following month and at that time the machine was in pieces. The evidence clearly shows defendant represented the x-ray machine was in good condition when, in fact, he had neither received nor seen it. That was fraud and punitive damages were not improperly awarded. *Ackmann, supra,* at 489–490[8–10]. See also *Universal C.I.T. Credit Corp. v. Tatro,* 416 S.W.2d 696 (Mo. App.1967).

Alternatively, defendant contends the trial court's $35,000 punitive damage award was excessive. Punitive damages are awarded to punish wrongdoing, as an example and deterrent to similar conduct. *Beggs v. Universal C.I.T. Credit Corp.,* 409 S.W.2d 719[8] (Mo.1966). Among proper factors in determining the amount of punitive damages are the tort-feasor's affluence and the degree of malice characterizing the act. *Hoene v. Associated Dry Goods Corp.,* 487 S.W.2d 479[17] (Mo.1972). Here, defendant is a man of presumably high intelligence and professional standing in the community; his net worth is over $490,000. That is properly considered in arriving at the amount of allowable punitive damages. *Pisha v. Sears, Roebuck & Co.,* 496 S.W.2d 280[7] (Mo.App.1973). The trial court gave plaintiff actual damages of $40,867 and punitive damages of $35,000. Punitive damages must bear a reasonable relation to the injury inflicted. *Hunter v. Kansas City Rys. Co.,* 213 Mo.App. 233, 248 S.W. 998[6] (1923). The amounts awarded were reasonably related.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.