ESTATE OF Louise KNAPP, by and through her personal representative, Louise IGOE, Plaintiff/Respondent,

v.

John NEWHOUSE, Jr., Defendant/Appellant.

No. 65130.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 28, 1995.

Lee G. Kline, Gartenberg & Kline, Clayton, for defendant/appellant.

Leonard W. Buckley, Jr., Buckley & Mitchell, St. Louis, for plaintiff/respondent.

CRANE, Presiding Judge.

Defendant appeals from the trial court's judgment awarding plaintiff Estate damages on its petition to recover on a note. He asserts the trial court erred in failing to set aside its order which set aside a prior settlement agreement and reinstated the case on the trial docket. He also asserts the trial court erred in denying his motion for summary judgment. We affirm.

On January 20, 1976 defendant, John Newhouse, executed an installment note to William Curlee in the amount of $21,500 at 8% annual interest. Defendant's aunt, Louise Knapp, executed a Deed of Trust on her property at 1609 Topping Road to secure the

note. After Knapp died defendant defaulted on the note. Curlee brought a foreclosure and quiet title action against the Topping Road property. The Louise .Knapp estate (Estate) agreed to pay Curlee $28,500 to settle the action.

The Estate thereafter filed this action against defendant to collect the $28,500 it paid to Curlee and $5,500 in attorney's fees. On May 11, 1992 a Memorandum for Clerk was filed in the case. The handwritten portion of the memorandum recited that the Estate was dismissing its cause of action against defendant in consideration for defendant's return of property which had belonged to the Estate and was listed on an attachment to the Memorandum. Stamped over the handwritten text was the following: "CAUSE PASSED FOR SETTLEMENT". The memorandum was signed by the parties' attorneys and the trial judge. The minute entry for this date reflects: "Cause passed for settlement. Memorandum noting conditions for dismissal signed by all parties filed. So ordered. Thomas M. O'Shea, Judge"

In September, 1992 defendant's attorney moved to withdraw and so apprised the Estate.[1] On February 19, 1993 the Estate filed its Motion to Set Aside Settlement Agreement and Reinstate Cause on Trial Docket and Notice of Hearing. The Estate mailed a copy of the motion and notice to defendant at his last known address, which was on McPherson, and to defendant's last attorney. Defendant failed to appear at the hearing on March 19, 1993. The Estate filed an envelope postmarked February 19, 1993 and stamped "Return to Sender No Forward Order on File" as evidence of its attempt to give notice to defendant. The court set aside the settlement agreement and reinstated the cause.

On May 21, 1993 defendant moved to set aside the March 19, 1993 order on the grounds that he had not received actual notice of the motion or the hearing date and that the Estate had accepted partial performance of the settlement agreement. At the hearing on his motion, defendant conceded

1. The motion to withdraw was file-stamped by the Clerk's office on September 12, 1992 but due to a typographical error was placed in the wrong case file until February 16, 1993.

that he knew there was a dispute about whether he had fulfilled the settlement agreement as early as May, 1992 and he admitted he did not return all of the items listed in the settlement agreement. He admitted receiving a letter from his attorney in August, 1992 containing a copy of a letter from the Estate's attorney in which the Estate's attorney mentioned returning to court for an order because the settlement had not been carried out. He also received a letter from his attorney in September, 1992 in which his attorney indicated he was withdrawing from the case. Defendant received these letters at his McPherson address. He moved to a North Euclid address sometime in the Spring of 1993. He could not remember the date, but testified he moved over a long period of time and thought the move occurred after March, 1993. He never notified the court of his change of address but, at some point in time, he filed a change of address with the post office. Defendant testified that he was not aware of the hearing or the motion until he received a notice dated April 7, 1993 from the Clerk's office that the cause had been reinstated on the docket. The post office had forwarded that letter to his new address. He also testified that he did not retain replacement counsel until after he had received the April 7 notice. Defendant's new attorney entered his appearance on May 17, 1993.

On July 15, 1993 the trial court denied defendant's Motion to Set Aside the March 19, 1993 Order. Defendant moved for summary judgment on the Estate's claim. Trial began on July 26, 1993. At the close of all the evidence, defendant resubmitted his motion for summary judgment. The trial court denied the motion and entered judgment for the Estate in the amount of $52,417. Defendant appeals from this judgment.

For his first point defendant asserts the trial court erred in failing to set aside its order of March 19, 1993 which set aside the May 11, 1992 settlement agreement and reinstated the case on the trial docket. He claims that the trial court did not have jurisdiction to set aside the settlement agreement and did not have jurisdiction to proceed on the March 19, 1993 hearing because defendant did not have actual notice of the hearing.

Defendant contends the trial court did not have jurisdiction to reinstate the case on the docket because the trial court lost jurisdiction to set aside the agreement thirty days after it entered the May 11, 1992 order under Rule 75.01. Rule 75.01 governs the trial court's control over judgments. Passing a cause for settlement is not the entry of a judgment.

A cause which has been passed for settlement is open until actually dismissed by the court. *State ex rel. Kirkwood Excavating, Inc. v. Stussie,* 689 S.W.2d 131, 133 (Mo.App.1985). A memorandum indicating a cause has been passed for settlement is not a final judgment, *Robert W. Streett, Inc. v. Elliott,* 753 S.W.2d 115, 116 (Mo.App.1988), even if the memorandum passing the cause for settlement includes the terms of the agreement. *Gaunter v. Shelton,* 860 S.W.2d 843, 844 (Mo.App.1993). Accordingly, Rule 75.01 does not apply to a trial court's action in passing a cause for settlement.

Defendant argues that under *Wenneker v. Frager,* 448 S.W.2d 932 (Mo.App.1969), the underlying cause of action was terminated when the case was passed for settlement and plaintiff's only remedy was to enforce the settlement. Defendant specifically relies on a passage in *Wenneker* in which the court concluded that a settlement agreement with a stipulation to pass the cause for settlement "terminates the cause of action and creates a new obligation warranting a judgment in accordance with the terms of the settlement." 448 S.W.2d at 935. This language does not mean that passing the cause for settlement is equivalent to a judgment of dismissal or that, if the defendant subsequently breaches the settlement agreement, the plaintiff may not elect to proceed with its original cause of action.

In the cases underlying the *Wenneker* appeal, Wenneker had brought an action against Frager for a money judgment and mechanic's lien; Frager brought an action against Wenneker for breach of contract. After the cases were consolidated and trial began, the parties entered into a settlement

agreement which was reduced to a memorandum agreement and stipulated that the cases were passed for settlement. The formal settlement documents, however, were never executed. After several months, Wenneker filed a "Motion for Judgment" to specifically enforce the settlement, alleging his readiness to comply with the agreement and Frager's refusal to do so. The trial court granted the motion and entered judgment in accord with the settlement agreement.

On appeal this court first considered whether, in the absence of a formal executed settlement document, the execution of a memorandum agreement and stipulation to pass the case for settlement constituted a binding settlement creating a new obligation which could be judicially enforced. The court concluded it was, based on a review of *Fair Mercantile Co. v. Union–May–Stern Co.*, 359 Mo. 385, 221 S.W.2d 751 (1949) and *Landau v. St. Louis Public Service Co.*, 267 S.W.2d 364 (Mo.App.1954).

The court in *Wenneker* went on to recite authority that a valid compromise and settlement extinguishes an antecedent claim and bars subsequent litigation on the antecedent claim. *See* 15A AM.JUR.2D *Compromise and Settlement* § 24 (1976). It concluded that the Wenneker–Frager settlement had this effect.

The court next considered if the settlement agreement could be enforced by a motion filed in the original action. After reviewing authority to the effect that a creditor who had commenced an action on an antecedent claim could enforce a subsequent compromise by moving for judgment in accordance with the terms of the compromise, the court held:

> *Here, the parties and their agreed settlement were still before the court.* Their agreement contemplated mutual acts by the parties leading to the court's dismissal of the actions. By Wenneker's motion for judgment he asserted his readiness to comply with the settlement and the Fragers' refusal to do so and asked the court to enter a judgment in accordance with the settlement. Although the motion had been on file for six months the Fragers had not attacked its sufficiency. We hold Wenneker was entitled to seek enforcement of the

settlement by the motion filed. [emphasis added]

*Id.* at 936.

Thus, the court's reference to "terminating" the cause of action in *Wenneker* was directed only to describing the effect of a valid settlement agreement which could be raised as a bar to any attempt to recover on the original claim. The court did not mean that the settlement memorandum or the court's action in passing the case for settlement constituted the entry of a judgment. The court specifically recognized that "the parties and their agreed settlement were still before the court." It allowed the non-breaching party to the settlement to enforce the agreement by a motion in the pending action.

 Likewise, in this case, after the case was passed for settlement, the parties were still before the court. The settlement agreement became an "accord executory" that is, an agreement for the future discharge of an existing claim by a substituted performance. *Bestor v. American Nat'l Stores, Inc.*, 691 S.W.2d 384, 389 (Mo.App. 1985) (citing A. CORBIN, CONTRACTS §§ 1268–76, at 1025–42 (1952); RESTATEMENT OF CONTRACTS § 417 (1932); RESTATEMENT (SECOND) OF CONTRACTS § 281 cmt. a (1981)). "An enforceable accord executory suspends the original claim and, as long as the debtor has not breached the accord, the creditor is precluded from maintaining an action on the prior or original claim." *Bestor*, 691 S.W.2d at 389–90 (citing A. CORBIN, CONTRACTS, § 1274, at 1037–39; RESTATEMENT OF CONTRACTS § 417(a) (1932); RESTATEMENT (SECOND) OF CONTRACTS § 281(2) cmt. b (1981)). Comment *b* to the RESTATEMENT (SECOND) OF CONTRACTS § 281(2) further provides:

> If, however, there is such a breach of the accord by the obligor as discharges the obligee's duty under the accord to accept the stated performance in satisfaction, he is no longer bound by the accord. He may then choose between enforcement of the original duty and any duty under the accord.

Therefore, after a settlement is made, if the defendant refuses to comply with its terms in whole or in part, the plaintiff may enforce the settlement agreement or abandon the settlement and proceed under the original cause of action. *Kahn v. Brunswick–Balke–Collender Co.,* 156 S.W.2d 40, 43 (Mo.App. 1941); *Mutual Casualty Co. v. Sansone,* 17 S.W.2d 558, 559 (Mo.App.1929); *see also* 15A C.J.S. *Compromise & Settlement* §§ 39, 46 (1967); 15A Am.Jur.2d *Compromise and Settlement* §§ 35, 38 (1976). Accordingly, when defendant breached the settlement agreement, the Estate could elect to proceed on its original action.

■ Defendant next asserts the trial court did not have jurisdiction to proceed with the March 19, 1993 hearing without actual notice to defendant. He contends that he was entitled to personal service under Rules 74.06(c) and Rule 54. Rule 74.06(c) is addressed to relief from a *final* judgment or order and provides that a motion seeking relief from a final judgment be served pursuant to Rule 54. Because the trial court's order passing the case for settlement removed the case from the trial docket but did not dismiss the cause of action, the motion to reinstate the case was governed by Rule 43.01, which allows pleadings subsequent to the original petition to be served by mailing a copy to the attorney of record, or by mailing a copy to the party if *pro se.* Rule 43.01(c).

■ Defendant finally argues under this point that it was plaintiff's responsibility to locate him. We disagree. A party has a duty to keep abreast of all proceedings in his or her case from service of original process until final judgment. *Owens v. Vesely,* 620 S.W.2d 430, 433 (Mo.App.1981); *Herrin v. Straus,* 810 S.W.2d 593, 596 (Mo.App.1991). Included in this duty is the party's responsibility to keep the court or counsel informed of any address changes. *Herrin,* 810 S.W.2d at 597; *Owens,* 620 S.W.2d at 433.

We applied these principles to a similar factual situation in *Citizens Bank of University City v. Gehl,* 567 S.W.2d 423 (Mo.App. 1978). In *Citizens Bank,* the trial court passed the case for settlement after defendant notified the court on the date of trial that a settlement agreement had been reached. The defendant subsequently refused to carry out the settlement and the court set the case for trial. Because the defendant did not have an attorney registered to practice in Missouri, plaintiff's counsel mailed notice to the defendant's address of record. The defendant did not appear at trial. The trial court entered judgment for the plaintiff. The defendant unsuccessfully moved to vacate on the grounds that he had not received timely notice of the trial setting. On appeal, we held that the trial court did not err in failing to vacate the judgment because the defendant was negligent in monitoring the litigation. *Id.* at 425. The defendant knew that the cause was set for trial and passed for settlement, that he had failed to carry out the settlement, that he had no attorney, and that he had failed to notify the court or the plaintiff of his change of address. *Id.*

The trial court did not err in failing to set aside its March 19, 1993 order which set aside the May 11, 1992 settlement agreement. Point one is denied.

■ For his second and third points defendant asserts that the trial court erred in denying defendant's motion for summary judgment. The denial of a motion for summary judgment is not subject to appellate review even when the appeal is taken from a final judgment after trial. *Lake Center Boatworks, Inc. v. Martin,* 804 S.W.2d 842, 844 (Mo.App.1991); *Parker v. Wallace,* 431 S.W.2d 136, 137–38 (Mo.1968). These points are denied.

Judgment affirmed.

CRANDALL and DOWD, JJ., concur.