Terry McKEAN, Respondent/Plaintiff,

v.

ST. LOUIS COUNTY, Missouri,
Appellant/Defendant.

No. 72617.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1998.

Susanne D. Nelson, John A. Ross, St. Louis, for appellant/defendant.

Niel Bruntrager & Mary Bruntrager Schroeder, St. Louis, for respondent/plaintiff.

CRANDALL, Judge.

Defendant, St. Louis County (County), appeals from the judgment of the trial court enforcing a settlement agreement between it and plaintiff, Terry McKean. We affirm.

Plaintiff brought an action for unlawful employment practices against the County[1] He alleged the County had terminated him in 1989 because of his epilepsy, a handicap which existed and which he revealed to the County when he was hired in 1973.

Plaintiff signed a "SETTLEMENT AGREEMENT, RELEASE & WAIVER OF RIGHTS" in which he agreed to dismiss his action with prejudice. In return, plaintiff received cash payments from the County and was re-employed by the County in a full-time position. On February 1, 1995, the trial

---

1. Plaintiff dismissed a second defendant, St. Louis County Department of Police, Bureau of Security Services, before the trial court entered judgment on the motion to compel settlement. Thus, all the parties to the action were disposed of. In addition, the trial court denied plaintiff's request for attorney's fees. The judgment of the trial court is therefore final for purposes of appeal. *See McKean v. St. Louis County,* 936 S.W.2d 184 (Mo.App. E.D.1996).

court entered the following order: "upon request of parties cause passed for settlement."

In August 1995, plaintiff filed a "MOTION TO COMPEL SETTLEMENT," in which he sought to have his vacation time accrue from March 1, 1995, the date he accepted employment, and not June 1, 1995, the date he commenced employment. The County filed a memorandum in opposition to plaintiff's motion, alleging that plaintiff's interpretation of the settlement agreement differed from its own. The County specifically took issue with paragraph IV of the settlement agreement, which read in pertinent part:

> Upon [PLAINTIFF'S] acceptance of a position, his previous 15 years and 9 months of credited service shall be bridged for purposes of calculation of retirement and other benefits incident to employment with ST. LOUIS COUNTY just as though the time between April 1988 and the date of re-employment had not occurred. . . .

The trial court sustained plaintiff's motion to compel settlement. It found that plaintiff was entitled to employment benefits from March 1, 1995, thus finding that his benefits were bridged from the date plaintiff accepted employment when he signed the agreement.

■ The County raises two claims of error on appeal. We first address the County's second point, in which it contends a motion to compel was not the proper remedy in the instant case. It argues that because the nature of the proceeding required interpretation of a contract, a declaratory judgment action was the appropriate remedy.

■ Although there is no rule defining the process for enforcing an agreement settling a pending case, one court-approved procedural device is a motion to enforce settlement. *Pathway Financial v. Schade,* 793 S.W.2d 464, 469 (Mo.App.1990). A motion to compel settlement adds to a pending action a collateral action for specific performance of the settlement agreement. *Frederick v. Heim,* 943 S.W.2d 343, 347 (Mo.App. S.D. 1997).

■ Moreover, a cause which has been passed for settlement is open until actually dismissed by the court, *Estate of Knapp by and through Igoe v. Newhouse,* 894 S.W.2d 204, 206 (Mo.App. E.D.1995), and the court retains jurisdiction. *Bauman v. Monia,* 905 S.W.2d 127, 128 (Mo.App. E.D.1995). The settlement agreement becomes an "accord executory," or an agreement for the future discharge of an existing claim by a substituted performance. *Estate of Knapp,* 894 S.W.2d at 207. An enforceable accord executory suspends the original claim. *Id.* If, however, the defendant refuses to comply with the terms of the settlement agreement, the plaintiff may abandon the settlement agreement and proceed under the original cause of action. *Id.* at 208.

Here, it is undisputed that the parties reached a settlement agreement. When the County acted contrary to the terms of the agreement, plaintiff chose to enforce the settlement agreement against the County by filing a motion to compel settlement. Because the case had not been dismissed, it was still pending and the parties remained before the court. Plaintiff was therefore entitled to bring a collateral action seeking specific performance of the terms of the agreement.

The County relies on *Elliott v. Johnston,* 673 S.W.2d 807 (Mo.App.1984) to support its position that declaratory judgment is the only appropriate remedy for interpreting the terms of a settlement agreement. That case, however, is inapposite. In *Elliott,* the parties entered into a settlement. *Id.* at 808. The declaratory judgment was filed after a dispute arose between the parties regarding their rights and duties under the settlement agreement. *Id.* There was no action pending in *Elliott* at the time the parties entered into the settlement agreement, such that the trial court retained jurisdiction over the parties.

A motion to compel settlement was the appropriate remedy in the present case. The County's second point is denied.

Returning to the County's first point, it asserts the trial court erred in finding that plaintiff's employment benefits began accruing on the date the parties signed the settlement agreement, rather than on the date plaintiff returned to work. We have reviewed the record on appeal and find that no error of law appears regarding this claim of error. An opinion on this point would have

no precedential value. The County's first point is denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

AHRENS, P.J., and KAROHL, J., concur.