PRECISION INVESTMENTS, L.L.C.,
et al., Respondents,

v.

CORNERSTONE PROPANE,
L.P., Appellant.

No. SC87866.

Supreme Court of Missouri,
En Banc.

May 1, 2007.

Laurance R. Tucker, Thomas Weaver, Darren K. Sharp, Armstrong Teasdale LLP, Kansas City, for Appellant.

Michael K. Cully, Springfield, for Respondent.

PER CURIAM.

### Introduction

The question presented is whether an appeal can be dismissed by an appellate court as moot because the parties have entered a settlement if the parties dispute that a settlement has occurred. The court of appeals dismissed the appeal when the trial judge reported that a settlement was reached but before the parties agreed the settlement issue was finally resolved. The dismissal was premature. A peremptory writ of prohibition is directed to issue prohibiting the court of appeals from dismissing the appeal.[1]

### Background

Precision Investments bought certain real property of Cornerstone Propane. The parties disputed whether propane tanks and other personal property that remained on the real property belonged to Cornerstone. Precision sued for trespass because Cornerstone did not remove the personal property. Precision recovered a judgment, but Cornerstone appealed and then filed for bankruptcy. Subsequently,

---

1. This Court transferred this case from the Court of Appeals, Southern District, after it dismissed the appeal by order. *Mo. Const. article V, section 10.* Because the Court determines that review of the court of appeals action should be by prohibition, the cause is retransferred to the court of appeals.

the bankruptcy stay was lifted, and the appeal was reinstated.

Cornerstone asserted to the court of appeals that the parties had settled the case. This was disputed by Precision, so the court of appeals requested the trial judge to determine if the parties had reached a settlement. The judge reported that there was a settlement. The court of appeals directed the trial judge to enter a judgment reflecting his decision and determined, in light of the settlement, that the appeal was moot. It ordered the appeal dismissed as moot before the trial court entered its settlement judgment and before that judgment was final.

## Proper procedure to review court of appeals order

■ In this case, Precision seeks to preserve its appeal bonds and liens to enforce the judgment it originally won. It contests whether a settlement exists. Because the court of appeals dismissed the appeal as moot, Precision sought to transfer the case to this Court. However, in its brief, Precision notes that this Court has jurisdiction under Mo. Const. article V, section 4. That constitutional section does not relate to the transfer of cases; transfer is authorized in Mo. Const. article V, section 10.

■ As Cornerstone notes, on transfer this Court reviews the case as if it were on original appeal. *Rule 83.09.* Precision is seeking review of the court of appeals' order-not the trial court's judgment. In such a case, the proper remedy is to seek an original remedial writ under Mo. Const. article V, section 4. Although Precision sought the wrong remedy, this Court may treat its application for transfer as a petition for an original remedial writ. *See State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002).

## Settlements and motions to enforce settlement

■ A compromise settlement is a contract. In order for the compromise settlement to be legally valid, it must possess the essential elements of any other contract. *L.B. v. State Committee of Psychologists,* 912 S.W.2d 611, 616 (Mo.App. 1995). Agreements to settle pending lawsuits are enforceable by motion. A motion to compel settlement adds to a pending action a collateral action for specific performance of the settlement agreement. *McKean v. St. Louis County,* 964 S.W.2d 470, 471 (Mo.App.1998). The party requesting specific performance of the agreement has the burden of proving the claim by clear, convincing, and satisfactory evidence. *Woods ex rel. Woods v. Cory,* 192 S.W.3d 450, 457 (Mo.App.2006).

■ Determination of whether a settlement has occurred when the parties dispute a settlement requires proof of factual issues. When the underlying case is on appeal, the trial court remains the proper forum for determination of the facts and entry of judgment. A party seeking enforcement of a settlement should file its motion in the trial court and give notice to the appellate court that the motion to enforce settlement has been filed. Upon receipt of the notice, the appellate court should hold the appeal in abeyance pending judgment on the motion.

■ The parties should notify the appellate court when the judgment on the motion to enforce settlement is entered. The appellate court also should be notified if an appeal of that judgment will be filed. If an appeal on the motion judgment will be filed, that appeal should be expedited and resolved before the original appeal is determined. If no appeal of the motion judgment will be filed, the appellant in the original appeal promptly should dismiss the original appeal.

### Appeal is not moot if settlement contest exists

A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984). The court may take notice of facts outside the record in determining mootness. *State ex rel. Monsanto Co. v. Public Service Com'n of Missouri,* 716 S.W.2d 791, 793 (Mo. banc 1986).

In this case, Cornerstone filed its appeal of the trial court judgment. Until a final determination is made that the parties have reached a complete settlement of the issues on appeal, the court cannot determine whether a settlement exists. The settlement agreement becomes an "accord executory" or an agreement for the future discharge of an existing claim by a substituted performance. An enforceable accord executory suspends the original claim. *McKean v. St. Louis County,* 964 S.W.2d 470, 471 (Mo.App. 1998). Since a party is free to pursue the original appeal if no settlement has been reached, it is only after the settlement issue is finally determined that the issues in the original appeal become moot.

### Conclusion

Because the issue of whether a settlement has been reached has not been finally resolved, the appeal in this case is not moot. A peremptory writ of prohibition is directed to issue prohibiting the dismissal of this appeal until that issue is finally resolved.

All concur.