

# In the Missouri Court of Appeals
# Eastern District

DIVISION FOUR

| | | |
|---|---|---|
| MARY NOEL, ET AL., | ) | No. ED101630 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Robert H. Dierker |
| BOARD OF ELECTION, ET AL., | ) | |
| | ) | |
| Defendant. | ) | FILED:  June 30, 2015 |

Appellants Leonard Jones, Pearl Olsen, Courtnae Smith, David Scott, and Lynn Oldham (collectively, "Drafters") appeal from the trial court's judgment, following a bench trial, holding that the Initiative Petition at issue conflicts with state law and granting injunctive relief.  Mary Erin Noel, Joseph McNeal, Melinda Gorman, and the Law Offices of Fehlig, Fehlig & Tatum, LLC (collectively, "Plaintiffs") also cross-appeal from the trial court's judgment holding that the form of the Initiative Petition submitted by Drafters was lawful and dismissing Plaintiffs' equal protection claim.  We affirm.

## I. BACKGROUND

Drafters are members and representatives of the Committee of Petitioners for the Initiative Petition at issue here, and were involved in its formulation.  The proposed Initiative Petition would do two things:  (1) prohibit the City of St. Louis from providing "public financial incentives" to "unsustainable energy producers," and (2) require the City to create a "sustainable

energy plan" which mandates the City provide financial incentives to "renewable energy producers."

Drafters gathered signatures in support of the Initiative Petition and submitted them to the Board of Election Commissioners for the City of St. Louis ("the Board of Election Commissioners") on July 31, 2013. The Board of Election Commissioners certified the sufficiency of the signatures on August 12, 2013, and submitted the ballot measure to the Board of Aldermen for approval. As the Board of Aldermen did not pass the ballot measure within 60 days, the Initiative Petition was scheduled to be placed on the ballot on April 8, 2014.

Plaintiffs are citizens and taxpayers of the City of St. Louis, and on January 31, 2014, they brought a civil action seeking to prevent the Board of Election Commissioners from placing the Initiative Petition on the ballot. On February 7, 2014, Judge Robert H. Dierker held a hearing on Plaintiffs' Motion for Preliminary Injunction, and on February 11, 2014, Judge Dierker granted Plaintiff's motion by written order.

Trial took place on March 31, 2014. The Committee of Petitioners were allowed by Judge Dierker to intervene during the trial. On May 27, 2014, Judge Dierker issued his Findings of Fact, Conclusions of Law, Order and Judgment. Judge Dierker granted judgment in favor of Plaintiffs on Counts II and VII, holding the Initiative Petition conflicted with state law and granting injunctive relief. He granted judgment in favor of Drafters on Counts I, III, IV, and V, and dismissed Plaintiffs' equal protection claim, Count VI, as moot.

Drafters filed this appeal alleging error with Counts II and VII, with Plaintiffs' subsequently filing a cross-appeal alleging error on counts I, III, IV, V and VI.

## II. DISCUSSION

In their sole point on appeal, Drafters allege the trial court erred in granting judgment for Plaintiffs and holding the Initiative Petition conflicts with Missouri state statutes. Drafters argue the Initiative Petition is neither expressly inconsistent nor in irreconcilable conflict with state statutes, and thus, is not facially unconstitutional.

Plaintiffs bring two points on cross-appeal. In their first point, Plaintiffs allege the trial court erred in finding the form of the Initiative Petition to be in substantial conformity with the law because it contains an insufficient and unfair summary statement. Secondly, Plaintiffs allege the trial court erred in dismissing their equal protection claim. Plaintiffs argue the Initiative Petition lacked any rational relationship to a legitimate governmental purpose, and thus violates the equal protection clauses of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

Standard of Review

In a bench-tried case, we must sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Brown v. Carnahan, 370 S.W.3d 637, 646 (Mo. banc 2012) (citing Murphy v. Carron, 536 S.W.3d 30, 32 (Mo. banc 1976)). A determination of the constitutional validity of a statute is a question of law we review *de novo*. City of Kansas City v. Chastain, 420 S.W.3d 550, 554 (Mo. banc 2014).

Initiative Petition is Facially Unconstitutional

In their sole point on appeal, Drafters allege the trial court erred in holding the Initiative Petition conflicts with state statutes. Drafters argue the Initiative Petition is neither expressly

3

inconsistent nor in irreconcilable conflict with state statutes, and thus is not facially unconstitutional.

"'Before the people vote on an initiative, courts may consider only those threshold issues that affect the integrity of the election itself, and that are so clear as to constitute a matter of form." Brown, 370 S.W.3d at 645, quoting United Gamefowl Breeders Ass'n of Mo. v. Nixon, 19 S.W.3d 137, 139 (Mo. banc 2000). Our primary duty is to determine "whether the constitutional requirements and limits of power, as expressed in the provisions relating to the procedure and form of initiative petitions, have been regarded." Missourians to Protect the Initiative Process v. Blunt, 799 S.W.2d 824, 827 (Mo. banc 1990).

The City of St. Louis is a charter city governed by Article VI, Section 19(a) of the Missouri Constitution, which reads as follows:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

Mo. Const. art. VI, Section 19(a). Thus, "[a] charter provision that conflicts with a state statute violates Article VI, [Section] 19(a) and is void." State ex rel. Hazelwood Yellow Ribbon Comm. v. Klos, 35 S.W.3d 457, 469 (Mo. App. E.D. 2000) (citing City of Springfield v. Goff, 918 S.W.2d 786, 789 (Mo. banc 1996)). The test is whether the charter permits what a statute prohibits or prohibits what a statute permits. Id.

The trial court found the Initiative Petition to be in conflict with several "economic development" statutes, but based its decision solely on conflicts with two statutes: the "Real Property Tax Increment Allocation Redevelopment Act", Sections 99.800 *et seq.*, RSMo (2000), and the "special business districts" statute, Sections 71.790 *et seq.*, RSMo (2006). As the trial

4

court stated, while these statutes establish review procedures before a city can approve a redevelopment plan which will use tax increment financing ("TIF"), nowhere within the statutes exist any rules or restrictions on the types or classes of persons or entities who may submit a TIF plan or attempt to establish a special business district.

The key language of the Initiative Petition for our analysis provides that the city "shall not grant any Public Financial Incentives to an Unsustainable Energy Producer." A "Public Financial Incentive" is defined as any "economic or financial incentive offered or provided by the City," including any tax reductions or credits, any TIFs, any benefit related to a public fund or program, and "the ability to form, own, direct, and/or receive any economic or financial benefit from any special taxation district." The real problem lies in the definition of "Unsustainable Energy Producer," which includes not only organizations that mine or extract fossil fuels, coal, oil and other non-renewable energy sources, but also "any entity or organization . . . that transacts at least $1,000,000 of business per calendar year with any entity or organization described in the previous sentence."

Thus, the Initiative Petition would prohibit any "Unsustainable Energy Producer" from participating or benefitting from any TIF or special business district programs; however, the Real Property Tax Increment Allocation Redevelopment Act and the special business districts statute do not place any restrictions on what type of person or entity may participate in the programs.

Drafters argue the Initiative Petition does not restrict the power of the city to provide financial incentives; it just restricts who may receive those incentives. We find this argument unpersuasive. The statutes grant the city full discretion in deciding who can make use of a TIF plan or special business districts, and the Initiative Petition would forbid the city from even

5

considering a plan from any person or group the Initiative Petition defines as an Unsustainable Energy Producer.

Simply put, the statutes permit what the Initiative Petition attempts to prohibit, and therefore the Initiative Petition is unconstitutional under Article VI, Section 19(a). Drafters' sole point on appeal is denied.

Form of the Initiative Petition

In Plaintiffs' first point on cross-appeal, they allege the trial court erred in holding that the form of the Initiative Petition is in substantial conformity with the law. Plaintiffs argue that because the summary statement is insufficient and unfair, it makes the Initiative Petition unlawful.

As Drafters point out, Plaintiffs' reliance on Missouri state statutes and cases interpreting them is misguided. The controlling law on the initiative petition process is the Charter of the City of St. Louis. Section 2 of the Charter requires petitions to contain "the proposed ordinance in full and designate by names and addresses five persons as the committee of the petitioners." Nowhere in the Charter is there a requirement for a summary statement of a proposed ordinance, and there are no guidelines for summary statements. Thus, we disagree with Plaintiffs' argument that because the summary statement is insufficient the Initiative Petition's form is unlawful, as there is no Charter requirement that a summary statement even be included, much less any standards on what would constitute a sufficient summary statement.

However, we do agree with Plaintiffs' general argument that the summary statement here is insufficient and misleading. While not required by the Charter of the City of St. Louis, this Court hopes Drafters would better attempt to use language in their summary statement that "fairly and impartially summarizes the purposes of the measure so that voters will not be

6

deceived or misled" and accurately reflects "the legal and probable effects of the proposed initiative." Brown v. Carnahan, 370 S.W.3d 637, 654 (Mo. banc 2012).

The summary statement reads as follows:

A proposed ordinance submitting to the registered voters of the City of St. Louis an amendment to the City Charter enacting a new Article XXVII setting forth the right to a sustainable energy future; requiring the City to create and publish annual and 5-year Sustainable Energy Plans; and, prohibiting the City from granting any Public Financial Incentives to any Unsustainable Energy Producer.

The main issue with this summary statement is the term "Unsustainable Energy Producer." As discussed above, the definition of this term encompasses not only those entities which mine or extract non-renewable energy sources, but any entity that does at least $1,000,000 worth of business with one of those entities in a calendar year. We agree with Plaintiffs that a reasonable person would not read the term "Unsustainable Energy Producers" and assume that it included any type of entity that does business with most energy producers.

Arielle Klagsbrun, who assisted in developing the language of the Initiative Petition, explained at trial the term could include many universities, construction companies, banks, law firms, even charities. We agree with Plaintiffs that a reasonable person would not read the summary statement and the term "Unsustainable Energy Producers" and think that all these different types of businesses which produce literally zero energy would be excluded from any city-controlled financial incentives.

In summary, because there is no requirement in the Charter that Drafters include a summary statement or any guidance as to what constitutes a proper summary statement, Plaintiffs' first point is denied. However, we would urge Drafters to be more precise in their use of language if they plan on bringing further petitions in the future.

7

<u>Equal Protection Claims</u>

In Plaintiffs' second and final point, they allege the trial court erred in dismissing their equal protection claims. Plaintiffs argue the Initiative Petition lacks a rational relationship to a legitimate governmental purpose, and thus violates the equal protection clauses of Article I, Section 2 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

The trial court dismissed the equal protection claim as moot since it held the Initiative Petition to be facially unconstitutional under Article VI, Section 19 of the Missouri Constitution. "'A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." <u>Reynolds v. City of Valley Park</u>, 254 S.W.3d 264, 266 (Mo. App. E.D. 2008) (quoting <u>Precision Invs., L.L.C. v. Cornerstone Propane, L.P.</u>, 220 S.W.3d 301, 304 (Mo. banc 2007)).

We agree with the trial court that because the Initiative Petition was found unconstitutional on other grounds, the equal protection claim is now moot. Any decision by this Court would have no practical effect on any existing controversy, as the Initiative Petition has already been found to be unconstitutional. Plaintiffs' second and final point is denied.

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
ROY L. RICHTER, Judge

Patricia L. Cohen, P.J., concurs
Robert M. Clayton III, J., concurs

8